**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| MILES LIVINGSTON, ANNA LIVINGSTON AND CHRISTOPHER GLAVACH,<br><br>    Plaintiffs,<br><br>  v.<br><br>LOUIS BERGER formerly LOUIS BERGER GROUP, VIRGIN ISLANDS WATER & POWER AUTHORITY and BLUE SOURCE, LLC,<br><br>    Defendants. | Civil No. 19-CV-12-WAL<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

## <u>SECOND AMENDED COMPLAINT</u>

**COME NOW** Plaintiffs, **MILES LIVINGSTON, ANNA LIVINGSTON AND CHRISTOPHER GLAVACH**, by and through undersigned counsel, and file their Second Complaint against Defendants **LOUIS BERGER formerly LOUIS BERGER GROUP, VIRGIN ISLANDS WATER & POWER AUTHORITY and BLUE SOURCE, LLC**, and alleges the following:

1. This Court has jurisdiction over this matter pursuant to 4 V.I.C. § 76.

2. Plaintiffs, Miles Livingston and Anna Livingston are husband and wife and are residents of South Carolina. Anna Livingston is suing solely for loss of consortium.

3. Plaintiff, Christopher Glavach, is a resident of South Carolina.

4. The Louis Berger, formerly Louis Berger Group, is an International Engineering Company that provides infrastructural and rehabilitation services to its clients, including, but not limited to storm repair and rehabilitation and restoration work. Its

**LEE J. ROHN AND ASSOCIATES, LLC**
1108 King St, Ste 3
Christiansted, VI
00820
Tel: 340.778.8855
Fax: 340.773 2954
lee@rohnlaw.com

headquarters are in New Jersey, but it operates worldwide, including in the U.S. Virgin Islands.

5. The Virgin Islands Government Hospital and Health Facilities Corporation is a public corporation that operates the Juan F. Luis Hospital and is a non-party. Its facilities were damaged in Hurricane Maria.

6. The United States Army Corp of Engineers (VSACE), is, a non-Party to this action, it contracted with and engaged Defendant, Louis Berger, to perform storm repair and rehabilitation at the Virgin Islands Department of Health Facilities, including Juan F. Luis Hospital.

7. The Defendant, Virgin Islands Water and Power Authority, (WAPA), is a semi-autonomous agency with the power to sue and be sued.

8. Defendant, Blue Source, LLC, is a North Carolina corporation.

9. At all times relevant Plaintiffs Miles Livingston and Christopher Glavach were employees of ACP, LLC, a non-Party to this cause of action. ACP was subcontracted to Louis Berger to perform storm repair and rehabilitation at the Virgin Islands Department of Health facility.

10. On or about October 17, 2017, Plaintiffs Miles Livingston and Christopher Glavach were on St. Croix pursuant to their employment with ACP, LLC.

11. Plaintiff, Miles Livingston, was working as an Electrician and Plaintiff Glavach was working as an Electrician helper.

12. At that time, Defendant Berger was directing Plaintiffs' work and making work assignments and giving work supervision such that Plaintiffs were its borrowed

employees.

13. Upon information, the direction given by USACE to Berger, which was given to Plaintiffs, was to place a generator between the EMS office and the maintenance building, at the Virgin Islands Government Hospital and Health Faculties Corporation facility ground to existing ground located to the left of the entrance to the office, under the window where the connections will be run, isolate at the meter, connection point located inside in the back-left room and run cables through a window to the left of the entrance, then around the corner to the Panel Box.

14. In connection with that instruction, Plaintiffs were requested by Defendants Berger to perform an inspection of a damaged generator and a transfer switch to ensure the new one could be installed.

15. WAPA's 13,800 power line was connected to the hospital through the generator and switch box by underground wiring.

16. Unbeknownst to Plaintiffs', Defendant WAPA was circulating power on and off with no notice to persons working in the area.

17. This job assigned by Berger, was assigned differently from any other jobs Plaintiffs had been involved in. Usually, the team working on installing a generator for Berger would be called to the Louis Berger Tent and given a written copy of the work order and there would be a discussion with the Berger Supervisor as to potential safety issues and details as to the installation.

18. Typically, the wiring for the generator installation would be precut for the installation in accordance with the work order and the generator would be inspected and proper

PPE would be provided.

19. On this job there was no such meeting, no written work order and no precut wire, no inspection of generator or provision of PPE.

20. For the job assigned to Plaintiffs, PPE of arc flash protection suits, lineman hot gloves and high voltage electrical meters should have been provided by Berger to Plaintiffs.

21. If the allegations of Defendant Berger are true, and unbeknownst to Plaintiffs, Blue Source, LLC had a contract with Defendant Berger to provide safe working conditions to Plaintiffs, including proper PPE and instructions.

22. Because workers on the job did not have name tags denoting who they worked for, and Plaintiffs were unaware, and had no ability to be aware, that persons represented to be employed by Berger, if Berger's allegations are true were actually employed by Blue Source, LLC.

23. If the allegations of Berger are true, Blue Source, LLC breached its obligations to Berger and failed to comply with applicable safety regulations (Including Federal and Virgin Islands) for providing PPE to Plaintiffs.

24. It the allegations of Berger are true, Blue Source, LLC failed to properly perform, manage, direct and oversee its employees and subcontractors, and failed to act with ordinary care, skill and diligence.

25. When the Plaintiffs arrived at the work area the switch door of the switch box was open with no locks even though it is now known it carried 13, 800 volts.

26. The switch area had no signage as to dangers or voltage, and no warning

information.

27. There were no signal or indicators of high voltage at the site other than the transformer.

28. Plaintiffs were informed that there was no power to the switch box or generator and Defendant Berger nor Blue Source, LLC informed Plaintiff it was or could be energized.

29. The transfer switch did not have any lock out tag out in place.

30. There were no type of fencing or locked gates that prevented access to the transfer switch.

31. Louis Berger and Blue Source, LLC, if the allegations of Berger are true, failed to inspect the job site, including switch box and generator prior to Berger assigning the job to Plaintiffs.

32. It is an NEC requirement that electrical equipment must be labeled with enough information as to potential Arc flash hazards, so that qualified electrical persons can select procedures and personnel for working on or near the equipment with minimum personal risks.

33. Warnings under NEC guidelines should be designed to warn of the hazard using effective words, colors or symbols and as to the warnings as to Arc flash hazard must contain (1) at least one of the three (a) available incident energy at corresponding, working distance (b) minimum Arc rating for clothing (c) required level of PPE highest hazard risk category for equipment and (2) Nominal System Voltage and (3) Arc flash boundary.

LIVINGSTON, MILES ET. AL. V. BERGER & WAPA, CIVIL NO. 19-CV-12-WAL
**SECOND AMENDED COMPLAINT**
Page 6

34. Such labels must be permanently affixed and cannot be handwritten, and the label must be durable.

35. Plaintiffs were approached by Jonathan Clemens, Site Manager for Berger at around 10:15 a.m. on October 17, 2017, and were shown a work order, and were told to verify a generator could be installed at the Department of Health and Juan F. Luis Hospital.

36. Upon Information, Berger and, upon information, Blue Source had contacted Dale Brown at the work site to greet Plaintiffs and provide them information as to the site for by Berger.

37. Plaintiffs inquired if there was an onsite generator and were informed that there was one.

38. In order, to insure there was no back feed on the transfer switch, Livingston had a helper remove the key from the generator, so it could not auto start.

39. Plaintiffs were informed the transfer switch was in the secondary side of a step-down transformer and the voltage in the transfer switch was 480/277, which was relied on, as there were no high voltage indicators, or lock out layout procedures in place.

40. Plaintiff Livingston checked the voltage between A and B phase in the transfer switch and there was a massive explosion.

41. The equipment Defendant Berger, and, upon information, Blue Source, LLC assigned Plaintiffs to work on was not properly labeled.

42. The equipment provided by Defendants to Plaintiffs was inadequate to include, but

LIVINGSTON, MILES ET. AL. V. BERGER & WAPA, CIVIL NO. 19-CV-12-WAL
**SECOND AMENDED COMPLAINT**
Page 7

not limited to, no proper test meters rated to the correct voltage.

43. The transfer switch, that was not without power, as represented by Defendants, including WAPA, but was live, and had 13, 800 KV input.

44. Plaintiffs were told by Defendants that the building had no power and there were no generators running and Plaintiff Livingston verified no generators were running.

45. In attempting to check the voltage to make sure there was no power, an arc flash occurred causing electrical shock to both Plaintiffs.

46. Berger at the time of the incident had borrowed the Plaintiffs' and was supervising them. Upon information, Blue Source, LLC was also supervising Plaintiffs, and were to provide Plaintiffs with safety equipment and PPE.

47. Berger, and upon information, Blue Source, LLC failed to provide the Plaintiffs with the proper safety equipment, to include but limited to voltage meters, arc suits, arc flash rated PPE.

48. The work order issued by Berger failed to provide required warnings and Berger failed to properly inform Plaintiffs of the dangers. Upon information, Blue Source, LLC also had that requirement.

49. Berger, and upon information, Blue Source, LLC, had a history of sending ACP workers, such as Plaintiffs into areas that were represented not to have power, but which were actually powered and caused other ACP, LLC employees to suffer electrical shocks.

50. Upon Information, one of the reasons Berger gave inaccurate representations as to power was because WAPA had provided Berger with incorrect information as to

what was energized and energized areas without proper notice and warning.

51. WAPA had line crews in the area, and, upon information, was energizing and deenergizing line's without proper notice.

52. When safety employees complained to Berger about lack of electrical safety, Bergers had them removed from employment.

53. Berger had other similar electrical shock injuries on the same job.

54. Berger, and upon information, Blue Source, LLC, failed to have locked out, tagged out equipment and barricade tape at the job sites.

55. The Defendants were negligent to include, but not be limited to, failure to provide proper safety equipment and clothing, failure to make a proper inspection and assessment of the job site, giving improper information as to whether there was power to the site and other acts of negligence and gross negligence.

56. As a result, Plaintiffs Mike Livingston and Christopher Glavach suffered electrical shock injuries, physical and mental injuries, medical expenses, loss of income, loss of capacity to earn income, mental anguish, pain and suffering and loss of enjoyment of life, all of which will continue into the foreseeable future. Anna Livingston suffered loss of companionship and consortium.

## **COUNT I**

57. Plaintiffs reallege the allegations set forth in paragraphs 1 through 56 as if fully set forth herein.

58. Defendants were negligent.

59. The negligence of Defendants caused Plaintiffs' damages.

LIVINGSTON, MILES ET. AL. V. BERGER & WAPA, CIVIL NO. 19-CV-12-WAL
**SECOND AMENDED COMPLAINT**
Page 9

## **COUNT II**

60. Plaintiffs reallege the allegation set forth in paragraphs 1 through 59 as if fully set forth herein.

61. Plaintiffs are third-party beneficiaries of the contract between Berger and Blue Source, LLC.

62. Upon information, Blue Source, LLC violated and breached that contract.

63. As a result, Plaintiffs suffered damages.

## **COUNT III**

64. Plaintiffs reallege the allegations set forth in paragraphs 1 through 63 as if fully set forth herein.

65. Upon information, Berger negligently hired, retained, and supervised Defendant Blue Source, LLC.

66. As a result, Plaintiffs suffered damages.

**WHEREFORE**, Plaintiffs pray for damages as they may appear, including punitive damages against Berger and for pre and post judgment interest and for costs and fees and for such other relief as this court deems fair and just.

LIVINGSTON, MILES ET. AL. V. BERGER & WAPA, CIVIL NO. 19-CV-12-WAL
**SECOND AMENDED COMPLAINT**
Page 10

                                        LEE J. ROHN AND ASSOCIATES, LLC
                                        Attorneys for Plaintiffs

DATED: April 29, 2020　　　　　　BY: ___s/ *Lee J. Rohn*_____
                                              Lee J. Rohn, Esq.
                                              VI Bar No. 52
                                              1108 King Street, Suite 3 (mailing)
                                              56 King Street, Third Floor (physical)
                                              Christiansted, St. Croix
                                              U.S. Virgin Islands 00820
                                              Telephone: (340) 778-8855
                                              lee@rohnlaw.com