**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **MILES LIVINGSTON, ANNA LIVINGSTON and CHRISTOPHER GLAVACH,**<br><br>Plaintiffs,<br><br>v.<br><br>**LOUIS BERGER f/k/a LOUIS BERGER GROUP, VIRGIN ISLANDS WATER AND POWER AUTHORITY and BLUESOURCE, LLC,**<br><br>Defendants.<br>_____ | 1:19-cv-00012 |

TO:   Lee J. Rohn, Esq.
      Eugenio W.A. Geigel-Simounet, Esq.
      Lorelei M. Farrington, Esq.
      Mark A. Kragel, Esq.
      Scot F. McChain, Esq.
      Yohana M. Manning, Esq.
      Carl A. Beckstedt, III, Esq.
      Daryl C. Barnes, Esq.
      James L. Hymes, III, Esq.
      Warren B. Cole, Esq.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Plaintiffs' Motion to Compel Louis Berger, Formerly, Louis Berger Group to Supplement Discovery Responses (ECF No. 124) and Opposition of Defendant Louis Berger to Plaintiff's Motion to Compel Louis Berger to Supplement Discovery Responses (ECF No. 128)[1]; Plaintiffs' Motion to Compel Louis

---

[1] Plaintiffs did not file a reply to the opposition, but instead filed another motion to compel production requests.

*Miles Livingston, Anna Livingston and Christopher Glavach v. Louis Berger f/k/a Louis Berger Group, Virgin Islands Water and Power Authority and Bluesource, LLC*
1:19-cv-00012
Memorandum Opinion and Order
Page 2

Berger, Formerly, Louis Berger Group to Supplement Discovery Responses (ECF No. 129), Opposition of Defendant Louis Berger to Plaintiff's Motion to Compel Louis Berger to Supplement Discovery Responses (ECF No. 134), and Plaintiffs' Reply to Opposition to Motion to Compel Louis Berger to Supplement Discovery (ECF No. 139).

In Plaintiffs' second motion to compel Louis Berger to supplement discovery responses (ECF No. 129), they only have qualms as to Louis Berger's supplemental responses to Demand for Production Nos. 4 and 8, *id*. at 2-3, so its first motion to compel is moot except as to Demand for Production Nos. 4 and 8. *See generally* ECF No. 124.

In its second motion to compel (ECF No. 129), Plaintiffs reproduce the following demands, responses, and supplemental responses to Production Nos. 4 and 8:

> **Demand for Production No. 4:** Please produce copies of any documents and communications associated with attempts to track down the location of the arc flash PPE after the incident as referenced in Bates No. **Livingston et al v. LBG 000251.**
>
> **Response to Demand for Production No. 4:** Please refer to the general objections. Furthermore, the request is unintelligible. Plaintiff's characterization of 'track down' is subject to multiple interpretations.
>
> **Supplemental Response to Demand for Production No. 4:** Defendant stands by its objection.
>
> **Demand for Production No. 8:** Please produce any documents evidencing changes to the work order process and all e-mails, texts, memos, and other communications related to the same.
>
> **Response to Demand for Production No. 8:** Please refer to the general objections. Furthermore, the request is extremely vague, ambiguous, and broad. This party cannot possibly be expected to respond to a request for

*Miles Livingston, Anna Livingston and Christopher Glavach v. Louis Berger f/k/a Louis Berger Group, Virgin Islands Water and Power Authority and Bluesource, LLC*
1:19-cv-00012
Memorandum Opinion and Order
Page 3

> 'any documents and 'other communications. This is neither within said scope and the Plaintiff has already propounded 'a request' to this defendant.
>
> **<u>Supplemental Response to Demand for Production No. 8:</u>** Defendant stands by its objection. Without waiving its objections this defendant has no such documents since it does not issue work orders. The work orders for the job associated with this case was issued by the US Army Corps of Engineers and was given to the insulation contractor as issued by the Court. A copy of the installation work order has previously been produced as Livingston, et al. v. LBG 000220 and 00021

(ECF No. 129 at 2-3).

As to Demand for Production No. 4, Plaintiffs argue that Louis Berger agreed at a meet and confer "to supplement its response to this Demand for Production but didn't." *Id*. at 2. Plaintiffs also assert that "[t]he phrase 'track down' is a direct quote from Berger's response to OSHA" based on an extract of an email Louis Berger allegedly sent to OSHA attached as Ex. 6. Although Plaintiffs include an unauthenticated extract of an email from Ex. 6 regarding a direct quote Louis Berger allegedly made to OSHA, this Court does not question of the veracity of this email extract as Louis Berger does not do so in its opposition. *See* ECF No. 134 at 2. Plaintiffs reply that Louis "Berger took on the obligation [to provide PPE] when it selected and chose what PPE the Plaintiffs received" (ECF No. 139 at 1). Plaintiffs also assert that it demanded this production request "as a result of the review of the OHSA investigation, where Berger admitted to OHSA, that after the electrocution, one of the items it conducted as part of Berger's investigation was to 'track down the location of the arc flash PPE' after the incident.'" *Id*. at 1.

*Miles Livingston, Anna Livingston and Christopher Glavach v. Louis Berger f/k/a Louis Berger Group, Virgin Islands Water and Power Authority and Bluesource, LLC*
1:19-cv-00012
Memorandum Opinion and Order
Page 4

As to Demand for Production No. 8, Plaintiffs argue that "these again are representations made to OSHA as to changes that were made to their Work Order procedure. Ex. 7" (ECF No. 129 at 3). Although Plaintiffs include unauthenticated notes through Ex. 7 regarding representations that Louis Berger allegedly made to OSHA, this Court does not question the veracity of these notes in Ex. 7 because Louis Berger does not do so in its opposition. *See* ECF No. 134 at 3-4. Instead, Louis Berger requests a protective order and questions the relevancy of supplemental information about work orders as it does not issue work orders. *See id*. at 3-4. Plaintiffs reply that although Louis Berger "now claims it did not issue work orders, it indeed oversaw the process by which contractors it contracted did so, and had the authority to, and in fact did change the process" (ECF No. 139 at 2).

Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). Under Fed. R. Civ. P. 34(b)(2), a response to a demand for production must "state with specificity the grounds for objecting to the request….An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(B)-(C).

Here, Louis Berger's objections to Demand for Production Nos. 4 and 8 are mainly based on the relevancy of PPE and of information about work orders (*See* ECF Nos. 134 at 2, 4). Further, in both responses to Demand for Production Nos. 4 and 8, Louis Berger

*Miles Livingston, Anna Livingston and Christopher Glavach v. Louis Berger f/k/a Louis Berger Group, Virgin Islands Water and Power Authority and Bluesource, LLC*
1:19-cv-00012
Memorandum Opinion and Order
Page 5

states, "Please refer to the general objections." Its supplemental responses state, "Defendant stands by its objection." (ECF No. 129 at 2-3).

As a preliminary matter, "incorporating all the General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection." *Fischer v. Forrest*, No. 14 Civ. 1304 (PAE) (AJP), 14 Civ. 1307 (PAE) (AJP), 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017). "General objections should rarely be used after [the] December 1, 2015 [amendments to the Federal Rules of Civil Procedure] unless such objection applies to each document request (e.g., objecting to produce privileged material)." *Id*. at *3. Louis Berger's responses to "Please refer to the general objections" and its supplemental responses to "stand by its objection" fly in the face of the amendments to Fed. R. Civ. P. 34 (*See* ECF No. 129 at 2-3).

This Court also finds Louis Berger's objections as to relevancy unjustified, especially since it fails to question the veracity of the exhibits cited by Plaintiffs.

The Court lastly finds Louis Berger's request for a protective order through its opposition improper under Fed. R. Civ. P. 7(b)(1). *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion"). If Louis Berger wants this Court to entertain a protective order, it must request one through a motion.

WHEREFORE, it is now hereby **ORDERED**:

*Miles Livingston, Anna Livingston and Christopher Glavach v. Louis Berger f/k/a Louis Berger Group, Virgin Islands Water and Power Authority and Bluesource, LLC*
1:19-cv-00012
Memorandum Opinion and Order
Page 6

1. Plaintiffs' Motion to Compel Louis Berger, Formerly, Louis Berger Group to Supplement Discovery Responses (ECF No. 124) is **DENIED IN PART AS MOOT** as to all Demand for Production Requests except Nos. 4 and 8.

2. Plaintiffs' Motion to Compel Louis Berger, Formerly, Louis Berger Group to Supplement Discovery Responses (ECF No. 129) is **GRANTED**.

ENTER:

Dated: November 10, 2020

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE