**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **MILES LIVINGSTON, ANNA LIVINGSTON and CHRISTOPHER GLAVACH,**<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**LOUIS BERGER f/k/a LOUIS BERGER GROUP, VIRGIN ISLANDS WATER AND POWER AUTHORITY and BLUESOURCE, LLC,**<br><br>　　　　　Defendants.<br>_____ | 1:19-cv-00012 |

TO:　　Lee J. Rohn, Esq.
　　　　Eugenio W.A. Geigel-Simounet, Esq.
　　　　Lorelei M. Farrington, Esq.
　　　　Mark A. Kragel, Esq.
　　　　Scot F. McChain, Esq.
　　　　Yohana M. Manning, Esq.
　　　　Carl A. Beckstedt, III, Esq.
　　　　Daryl C. Barnes, Esq.
　　　　James L. Hymes, III, Esq.
　　　　Warren B. Cole, Esq.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court upon Motion to Strike of Louis Berger, f/k/a Louis Berger Group (ECF No. 9), Plaintiffs' Opposition to Motion to Strike of Louis Berger, F/K/A Louis Berger Group (ECF No. 10), Louis Berger's Reply to Plaintiffs' Opposition to Motion to Strike (ECF No. 14); Louis Berger's Motion to Strike Allegations on Second Amended Complaint (ECF No. 72), Plaintiffs' Opposition to Motion to Strike Allegations in Second Amended Complaint Filed by Louis Berger, F/K/A Louis Berger Group (ECF No. 74), and

*Miles Livingston, Anna Livingston and Christopher Glavach v. Louis Berger f/k/a Louis Berger Group, Virgin Islands Water and Power Authority and Bluesource, LLC*
1:19-cv-00012
Memorandum Opinion and Order
Page 2

Defendant/Third Party Plaintiff's Reply to Plaintiff's Opposition to Motion to Strike Allegations in Second Amended Complaint (ECF No. 88).

Before moving onto deciding the motions, this Court must decide what to do about the presence of two motions to strike (ECF Nos. 9 and 72). The first motion to strike (ECF No. 9) is based off the First Amended Complaint removed from the Superior Court of the Virgin Islands (ECF No. 1, Exhibit 1). The second motion to strike (ECF No. 72) was filed following the filing of the Second Amended Complaint. Moreover, both motions to strike seek to strike identical paragraphs of the First Amended Complaint and the Second Amended Complaint.[1] Further, Louis Berger's "motion to strike the first amended complaint is rendered moot by the filing of the second amended complaint." *Marinkovic v. Mercer Cnty. Tax Claim Bureau*, No. 2:16-cv-292, 2017 U.S. Dist. LEXIS 44048, at * 8 & n.4 (W.D. Pa. Mar. 27, 2017) (deeming the second amended complaint as the operative complaint). The first motion to strike (ECF No. 9) has been rendered moot by the filing of the Second Amended Complaint (ECF No. 67) and this complaint has become the operative one, so the Court will only address the second motion to strike (ECF No. 72).

---

[1] Although the numbering of paragraphs has changed between the First Amended Complaint and the Second Amendment Complaint, both motions seek to strike identical paragraphs in the First Amended Complaint and Second Amended Complaint (*see* ECF Nos. 9 at 2, 72 at 2). It is worth noting, however, that, in paragraph 49 of the Second Amended Complaint, one of the paragraphs Louis Berger seeks to strike added, "and upon information, Blue Source, LLC," but Louis Berger does not seek to strike this portion of the Second Amended Complaint in its second motion to strike (*see* ECF Nos. 72 at 2, 67 at 7).

*Miles Livingston, Anna Livingston and Christopher Glavach v. Louis Berger f/k/a Louis Berger Group, Virgin Islands Water and Power Authority and Bluesource, LLC*
1:19-cv-00012
Memorandum Opinion and Order
Page 3

In its motion, Louis Berger seeks to strike paragraphs 49, 52, and 53 of the Second Amended Complaint:

> "Berger [sic] had a history of sending ACP workers, such as Plaintiffs into areas that were represented not to have power but, which were actually powered and caused other ACP, LLC employees to suffer electrical shocks. (Second Amend. Comp. @ paragraph 49).
>
> When safety employees complained to Berger about lack of electrical safety, Berger had them removed from employment. (Second Amend. Comp. @ paragraph 52).
>
> Berger had other similar electrical shock injuries on the same job. (Second Amend. Comp. @ paragraph 53)."

*Id*. at 2. Louis Berger asserts that paragraphs 49, 52, and 53 of the Second Amended Complaint should be stricken because they constitute "general unsubstantiated and vague allegations by Plaintiffs [and] [t]heir only purpose being to raise unrelated allegations and to prejudice the Defendant/Third Party Plaintiff." *Id*. at 4. In addition, Louis Berger argues that "Plaintiffs are pleading matters which neither make their claims anymore or any less plausible[, and these] vague statements are impertinent as they are unnecessary and do not pertain to the issue in dispute." *Id*. at 4-5. Louis Berger particularly asserts that paragraph 49 includes "[a] claim of history of sending workers somewhere where supposedly there was no power and in fact these was. This is but, a clear example of 'legal conclusions masquerading as facts.'" *Id*. at 5. As to paragraph 52 and 53, Louis Berger continues that these allegations "baldly claim that Berger removed employees from their employment if they complained about safety and that it had other similar electrical shock injuries on the

*Miles Livingston, Anna Livingston and Christopher Glavach v. Louis Berger f/k/a Louis Berger Group, Virgin Islands Water and Power Authority and Bluesource, LLC*
1:19-cv-00012
Memorandum Opinion and Order
Page 4

job, [but] [t]hese are nothing more than *attempts to obligate this Court to swallow the plaintiffs inventive hook, line and sinker.*" *Id*. at 6. Louis Berger further argues that paragraphs 49, 52, and 53 cast it in a "derogatory light" "with references to matters that hold no bearing here." *Id*. at 6.

Plaintiffs respond that the portions of the First Amended Complaint[2] that Louis Berger seeks to strike "are not impertinent and pertain to the issues in dispute because they show that Defendants have a history of jeopardizing the safety of their employees in the same manner that caused injury in this case" (ECF No. 74 at 3). Particularly, Plaintiffs assert that "Defendants have a history of sending ACP, LLC workers into areas that are represented to have no power, but which are actually powered and have caused electrical shocks to other employees, similar to the Plaintiffs here." *Id*. at 3. Plaintiffs continue that allegations in paragraphs 49, 52, and 53 are not insignificant to the controversy that occurred on October 17, 2017 because "Berger [itself] admits in its motion that '[t]he dispute in this case, as pled, arises out of the Plaintiffs' alleged damages occurring on October 17, 2017 *as a result of 'electrical shock'*, which also happens to be the subject matter of the allegations Defendant seeks to strike." *Id*. at 5-6. In addition, Plaintiffs argue that "[t]he allegations in question indicate that Defendants have a history of having power running while representing that they do not, causing injuries to their employees, [and] the

---

[2] Presumably, Plaintiffs meant to write "Second Amended Complaint," or meant First Amended Complaint in the federal court.

*Miles Livingston, Anna Livingston and Christopher Glavach v. Louis Berger f/k/a Louis Berger Group, Virgin Islands Water and Power Authority and Bluesource, LLC*
1:19-cv-00012
Memorandum Opinion and Order
Page 5

allegations in question are relevant because they show a history of Defendants' same negligent conduct as alleged here." *Id*. at 5-6.

Louis Berger replies that the opposition "is partially premised on an incorrect allegation when Plaintiffs state that both Miles Livingston and Christopher Glavach were subcontracted by Louis Berger. The entity that was subcontracted by this Defendant was ACP, LLC, not the individual Plaintiffs" (ECF No. 88 at 2). Louis Berger asserts that Plaintiffs provide "an incomplete and incorrect interpretation of the Rule, given that the Rule is far more expansive and inclusive than what the Plaintiffs are arguing." *Id*. at 2. In addition, Louis Berger asserts that it "is not attempting to test the underlying merits of the claim; [sic] which automatically would lead to a Rule 12(f) denial." *Id*. Louis Berger continues that "[t]he allegations as raised here by Plaintiffs are a deviation from and a violation of FRCP 8." *Id*. at 4. Louis Berger also argues that "Plaintiffs claims serve no other purpose except to prejudice this Defendant by making it appear as an entity not concerned with its personnel or contractors, all of which Plaintiffs do to disguise the real controversy and failing to place Defendant on proper notice." *Id*. at 5. Louis Berger also asserts that "[t]he Plaintiffs efforts here, with unsubstantiated and undated past allegations, are irrelevant and superfluous." *Id*. at 6.

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Under Rule 12(f), the standard for striking portions of a plaintiff's complaint 'is

*Miles Livingston, Anna Livingston and Christopher Glavach v. Louis Berger f/k/a Louis Berger Group, Virgin Islands Water and Power Authority and Bluesource, LLC*
1:19-cv-00012
Memorandum Opinion and Order
Page 6

strict and … only allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken.'" *Miller v. Allstate Fire & Cas. Ins. Co.*, No. 07-260, 2009 U.S. Dist. LEXIS 18702, at *4 (W.D. Pa. Mar. 5, 2009) (citing *Johnson v. Anhorn*, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004)). "[S]triking portions of a plaintiff's pleadings is a 'drastic remedy,' which should be used only when justice requires it." *Miller*, 2009 U.S. Dist. LEXIS 18702, at *4 (citing *Johnson*, 334 F. Supp. 2d at 809). "Allegations are scandalous and will be stricken if they are wholly unrelated to the controversy or if the moving party will be prejudiced by including them in the pleadings." *Id*. at *5 (citing *Delaware Health Care, Inc. v. MCD Holding, Co.*, 893 F. Supp. 1279, 1292 (D. Del. 1995)). "Allegations are immaterial or impertinent if they do not have an important relationship to the claims pled or do not pertain to the issues involved." *Id*. (citing *Delaware Health Care, Inc.*, 893 F. Supp. at 1292). "When allegations in the Complaint could lead to a 'better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation,' they will not be considered immaterial, impertinent or scandalous, and a motion to strike will be denied." *Id*. (citing 5A Wright & Miller at § 1382, at 695-96).

Here, basic logic follows that allegations in paragraphs 49, 52, and 53, including the history of sending workers to areas without power, lack of electrical safety, and similar electrical shock injuries on the same job, are not "wholly unrelated to the controversy." *See Miller*, 2009 U.S. Dist. LEXIS 18702, at *5. It follows that these allegations at least have an iota of pertinence "to the issues involved." *Id*. at *5. Further, although the allegations in

*Miles Livingston, Anna Livingston and Christopher Glavach v. Louis Berger f/k/a Louis Berger Group, Virgin Islands Water and Power Authority and Bluesource, LLC*
1:19-cv-00012
Memorandum Opinion and Order
Page 7

paragraphs 49, 52, 53 may prejudice Louis Berger, the level of prejudice does not rise to the point that this Court must deviate from the strict standard for striking portions of a complaint under Fed. R. Civ. P. 12(f). *See Miller*, 2009 U.S. Dist. LEXIS 18702, at *4. Further, the Court does not find that allegations in paragraphs 49, 52, and 53 constitute redundant, immaterial, impertinent, or scandalous matter. Accordingly, this Court denies Louis Berger's request to strike paragraphs 49, 52, and 53 of the Second Amended Complaint.

WHEREFORE, it is now hereby **ORDERED**:

1. The Motion to Strike of Louis Berger, f/k/a Louis Berger Group (ECF No. 9) is **DENIED AS MOOT**.

2. The Motion to Strike Allegations on Second Amended Complaint (ECF No. 72) is **DENIED**.

ENTER:

Dated: November 12, 2020              /s/ George W. Cannon, Jr.
                                      GEORGE W. CANNON, JR.
                                      U.S. MAGISTRATE JUDGE