# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

MILES LIVINGSTON, ANNA LIVINGSTON and CHRISTOPHER GLAVACH,

    Plaintiffs,

v.

LOUIS BERGER f/k/a LOUIS BERGER GROUP, VIRGIN ISLANDS WATER AND POWER AUTHORITY and BLUESOURCE, LLC,

    Defendants.

_____

1:19-cv-00012

TO:    Lee J. Rohn, Esq.
         Gerald D. Siegel, Esq.
         Eugenio W.A. Geigel-Simounet, Esq.
         Scot F. McChain, Esq.
         Yohana M. Manning, Esq.
         Carl A. Beckstedt, III, Esq.
         Daryl C. Barnes, Esq.
         James L. Hymes, III, Esq.
         Warren B. Cole, Esq.

**ORDER DENYING WITHOUT PREJUDICE VIWAPA'S MOTION TO COMPEL DISCOVERY**

      THIS MATTER is before the Court upon Defendant Virgin Islands Water and Power Authority's Motion to Compel Discovery (ECF No. 175), Plaintiffs' Opposition (ECF No. 178), and Defendant VIWAPA's Reply (ECF No. 187).

      As a threshold matter, Local Rule 37.1 requires that "[p]rior to filing any motion relating to discovery pursuant to Federal Rules of Civil Procedure 26-37… counsel for the parties shall confer in good faith effort to eliminate the necessity for the motion or to

*Miles Livingston, Anna Livingston and Christopher Glavach v. Louis Berger f/k/a Louis Berger Group, Virgin Islands Water and Power Authority and Bluesource, LLC*
1:19-cv-00012
Order Denying Without Prejudice VIWAPA's Motion to Compel Discovery
Page 2

eliminate as many of the disputes as possible." LRCi 37.1. The moving party must also serve a letter requesting a pre-filing conference and the letter "shall identity each issue and/or discovery request in dispute, state briefing with respect to each the moving party's position (and provide any legal authority), and specify the terms of the discovery order to be sought." *Id*.

Local Rule 37.2(a) further requires that "[i]f counsel are unable to resolve all of their differences, they shall formulate and sign a written stipulation to that effect, expressly certifying their compliance with LRCi 37.1. The stipulation shall include the moving party's letter requesting a pre-filing conference of counsel and shall be filed and served with the motion." LRCi 37.2(a). Local Rule 37.2(c) mandates that this "Court will not consider any discovery motion in the absence of (1) the signed stipulation and certification required by LRCi 37.2(a), or (2) a declaration from counsel for the moving party establishing that opposing counsel:

> (1) failed to confer in a timely manner after receipt of a letter requesting a conference under LRCi 37.1; or
>
> (2) refused to sign the stipulation and certification required by LRCi 37.2(a)."

LRCi 37.2(a)-(c)(1)-(2).

VIWAPA, here, complies with Local Rule 37.1 insofar as it submits a letter "identify[ing] each issue and/or" interrogatory "in dispute," briefly stating its position—including legal authority—as to each interrogatory, and "specify[ing] the terms of the"

*Miles Livingston, Anna Livingston and Christopher Glavach v. Louis Berger f/k/a Louis Berger Group, Virgin Islands Water and Power Authority and Bluesource, LLC*
1:19-cv-00012
Order Denying Without Prejudice VIWAPA's Motion to Compel Discovery
Page 3

interrogatory "sought." *See* LRCi 37.1; ECF No. 175-1. In the letter, however, VIWAPA does not request a conference with Plaintiffs; the letter merely states, "This will serve as our initial Rule 37.1 letter respecting Mr. Livingston's and Mr. Glavach's responses to WAPA's First Interrogatories" (ECF No. 175-1). In this line of the letter, including all parts of the letter, there is no indication that counsel for VIWAPA requests a pre-filing conference with counsel for Plaintiffs. Thus, VIWAPA fails to comply with Local Rule 37.1.

In addition, VIWAPA did not submit a stipulation certifying compliance with Local Rule 37.2(a) or a declaration under Local Rule 37.2(c)(1)-(2) stating that opposing counsel either "failed to confer in a timely manner after" receiving the "letter requesting a conference under LRCi 37.1," or a declaration stating that opposing counsel "refused to sign the stipulation and certification required by LRCi 37.2(a)." *See* LRCi 37.2(a)-(c)(1)-(2). Accordingly, the Court cannot entertain VIWAPA's discovery motion.

WHEREFORE, it is now hereby **ORDERED**:

Defendant VIWAPA's Motion to Compel Discovery (ECF No. 175) is **DENIED WITHOUT PREJUDICE**.

ENTER:

Dated: February 25, 2021               /s/ George W. Cannon, Jr.
                                       GEORGE W. CANNON, JR.
                                       U.S. MAGISTRATE JUDGE