# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| MILES LIVINGSTON, ANNA LIVINGSTON and CHRISTOPHER GLAVACH,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>LOUIS BERGER formerly LOUIS BERGER GROUP, VIRGIN ISLANDS WATER & POWER AUTHORITY, and BLUESOURCE, LLC,<br><br>　　　　Defendants.<br>_____<br><br>LOUIS BERGER GROUP, INC.,<br><br>　　Third-Party Plaintiff,<br><br>　v.<br><br>BLUESOURCE, LLC,<br><br>　　Third-Party Defendant.<br>_____<br><br>LOUIS BERGER GROUP, INC.,<br><br>　　Third-Party Plaintiff,<br><br>　v.<br><br>ACP, LLC,<br><br>　　Third-Party Defendant.<br>_____ | 1:19-cv-00012 |

TO:　Lee J. Rohn, Esq.
　　　Eugenio W.A. Geigel-Simounet, Esq.
　　　Scot F. McChain, Esq.

*Miles Livingston et al. v. Louis Berger et al.*
1:19-cv-00012
Order Denying Without Prejudice Defendant-Third Party Plaintiff Louis Berger Group Inc.'s Motion to Compel Plaintiffs to Answer Written Discovery
Page 2

    **Yohana M. Manning, Esq.**
    **Carl A. Beckstedt, III, Esq.**
    **Daryl C. Barnes, Esq.**
    **James L. Hymes, III, Esq.**
    **Warren B. Cole, Esq.**

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT-THIRD PARTY PLAINTIFF LOUIS BERGER GROUP INC.'S MOTION TO COMPEL PLAINTIFFS TO ANSWER WRITTEN DISCOVERY

THIS MATTER is before the Court upon Defendant-Third Party Plaintiff Louis Berger Group, Inc.'s, Motion to Compel Plaintiffs to Answer Written Discovery (ECF No. 176). The time to respond has passed.

As a threshold matter, Local Rule 37.1 requires that "[p]rior to filing any motion relating to discovery pursuant to Federal Rules of Civil Procedure 26-37…counsel for the parties shall confer in good faith effort to eliminate the necessity for the motion or to eliminate as many of the disputes as possible." LRCi 37.1. The moving party must also serve a letter requesting a conference and the letter "shall identity each issue and/or discovery request in dispute, state briefing with respect to each the moving party's position (and provide any legal authority), and specify the terms of the discovery order to be sought." *Id*.

Local Rule 37.2(a) further requires that "[i]f counsel are unable to resolve all of their differences, they shall formulate and sign a written stipulation to that effect, expressly certifying their compliance with LRCi 37.1. The stipulation shall include the moving party's letter requesting a pre-filing conference of counsel and shall be filed and served with the motion." LRCi 37.2(a). Local Rule 37.2(c) mandates that this "Court will not consider any

*Miles Livingston et al. v. Louis Berger et al.*
1:19-cv-00012
Order Denying Without Prejudice Defendant-Third Party Plaintiff Louis Berger Group Inc.'s Motion to Compel Plaintiffs to Answer Written Discovery
Page 3

discovery motion in the absence of (1) the signed stipulation and certification required by LRCi 37.2(a), or (2) a declaration from counsel for the moving party establishing that opposing counsel:

> (1) failed to confer in a timely manner after receipt of a letter requesting a conference under LRCi 37.1; or
>
> (2) refused to sign the stipulation and certification required by LRCi 37.2(a)."

LRCi 37.2(a)-(c)(1)-(2).

Although Louis Berger Group, Inc., complied with LRCi 37.1 by serving a letter requesting a pre-filing conference, it did not comply with LRCi 37.2 that requires a signed stipulation and certification or a declaration from the moving party.

WHEREFORE, it is now hereby **ORDERED**:

Defendant-Third Party Plaintiff Louis Berger Group, Inc.'s, Motion to Compel Plaintiffs to Answer Written Discovery (ECF No. 176) is **DENIED WITHOUT PREJUDICE**.

ENTER:

Dated: March 19, 2021               /s/ George W. Cannon, Jr.
                                    GEORGE W. CANNON, JR.
                                    U.S. MAGISTRATE JUDGE