## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **MILES LIVINGSTON, ANNA LIVINGSTON** and **CHRISTOPHER GLAVACH** | |
| Plaintiffs, | 1:19-cv-00012-WAL-GWC |
| v. | |
| **VIRGIN ISLANDS WATER AND POWER AUTHORITY, LOUIS BERGER, BLUESOURCE LLC, and ACP LLC,** | |
| Defendants. | |

**TO:** Lee J. Rohn, Esq.
Warren B. Cole, Esq.
Eugenio W.A. Geigel Simounet, Esq.
James L. Hymes, III, Esq.
Carl A. Beckstedt, III, Esq.
Daryl C. Barnes, Esq.

### ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL

THIS MATTER is before the Court upon Plaintiffs' Motion to Compel Bluesource, LLC to Supplement Discovery Responses (ECF No. 306). Defendant Bluesource, LLC filed a Response in opposition (ECF No. 328) and Plaintiffs filed their Reply (ECF No. 330).

For the reasons stated herein, this Order will deny in part and grant in part Plaintiffs' Motion to Compel.

### I. BACKGROUND

Plaintiffs Miles Livingston and Christopher Glavach allege that they were electrocuted on October 17, 2017 while working as an electrician and electrician helper. *See* Second Amended Complaint (ECF No. 67). Plaintiffs allege that they were employees of

*Livingston et al v. WAPA et al*
1:19-cv-00012-WAL-GWC
Order
Page 2

ACP, LLC subcontracted by Louis Berger to perform storm repair and rehabilitation at the Virgin Islands Department of Health Facility when they were electrocuted. *Id*. at 2. Incorporating Berger's third-party allegations against Bluesource, LLC (Bluesource), Plaintiffs allege that Bluesource had a contract with Berger to provide safe working conditions to Plaintiffs, including proper PPE and instructions. *Id*. at 4. Plaintiffs allege that Defendants were negligent and that Bluesource breached its contract with Berger, of which Plaintiffs allege that they are third-party beneficiaries. *Id*. at 8-9.

Plaintiffs seek supplemental responses from Defendant Bluesource to Plaintiffs' Interrogatory Nos. 6, 12, 13, 16, 22, 23, 24, 25 and Demand Nos. 3, 5, 7, 8, 9, 12, 14, 15, 17, 20, 29, 33, 34, 35 and 36. The interrogatories and demands are discussed below in legal issue groupings. The interrogatories and demands are listed successively with the Order in the Conclusion.

## II. APPLICABLE LEGAL PRINCIPLES

A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37(a)(3)(B)(iii). This motion may be made if a party fails to answer an interrogatory submitted under Rule 33. *Id*. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4).

"Courts have significant discretion when resolving discovery disputes." *Reif v. CNA*, 248 F.R.D. 448, 451 (E.D. Pa. 2008) (citing *Gallas v. Supreme Court of Pa*., 211 F.3d 760, 778

(3d Cir. 2000) (stating a trial court's discovery ruling will only be disturbed if "the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible")).

### III. DISCUSSION

    **1.**     **Affirmative Defenses** (Interrogatory Nos. 22, 23, 24, 25; Demand Nos. 29, 33, 34, 35, 36)

The parties are entitled to know the factual basis of the claim, defenses, or denials of their opponents. Fed. R. Civ. P. 26(b)(1); *see also Sabin v. St. Croix Basic Servs.*, Civil No. 2002/80, 2003 U.S. Dist. LEXIS 24525 at *5 (D.V.I. 2003) (internal citations omitted). Regarding affirmative defenses, defendant must respond to interrogatories by stating all facts currently known to defendant as requested by plaintiff. *Sabin*, 2003 U.S. Dist. LEXIS 24525 at *6.

Contention interrogatories ask a party: to state what it contends; to state whether it makes a specified contention; to state all the facts upon which it bases a contention; to take a position, and explain or defend that position, with respect to how the law applies to facts; or to state the legal or theoretical basis for a contention. *B. Braun Med. Inc. v. Abbott Labs*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (internal citations omitted). Courts may defer contention interrogatories until a later stage of discovery or until the end of the discovery period. *Id*. The party serving contention interrogatories bears the burden of proving how an earlier response assists the goals of discovery. *Id*.

*Livingston et al v. WAPA et al*
1:19-cv-00012-WAL-GWC
Order
Page 4

Plaintiffs argue that they are entitled to know the factual basis of Bluesource's defenses.[1] Mem. at 8. Plaintiffs assert that "Defendant must respond to interrogatories by stating all facts currently known to Defendant as requested by Plaintiffs." *Id*. at 10. Plaintiffs refute Bluesource's contention that it is too early to provide this information and cite to the fact that Bluesource "has been in this case since May 2020." Reply at 2.

In their responses to the interrogatories and demands, "Bluesource objected to the demands on the ground that they constitute contention interrogatories and defendant is not required to provide a factual basis for its defenses at this early stage in the litigation and that all known responsive documents have been produced in discovery." Opp'n at 5. In response to the instant motion, "Bluesource has not asserted that Plaintiff is not entitled to facts supporting its defenses, rather it responded that Bluesource is not obligated at this time to respond to discovery concerning its legal contentions." *Id*. at 6.

Given that the deadline for factual discovery has been extended to February 28, 2022, it is not yet the "later stage of discovery" or "end of the discovery period" referred to in caselaw. Plaintiffs have not shown that an earlier response assists the goals of discovery. Thus, Plaintiffs' Motion is denied without prejudice regarding the above-cited interrogatories and demands.

---

[1] Plaintiffs' decision to discuss each interrogatory and demand nearly-but-not-quite successively, thus making repetitive legal arguments with slight changes, rather than organizing their thoughts to discuss each distinct legal argument in turn is noted and unappreciated by the Court.

*Livingston et al v. WAPA et al*
1:19-cv-00012-WAL-GWC
Order
Page 5

Bluesource asserts that "[m]oreover . . . Bluesource nonetheless answered by candidly acknowledging that any facts that do support its contentions are contained within the discovery that has already been exchanged." Opp'n at 6.

A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request. Fed. R. Civ. P. 34(b)(2)(E)(i).

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]

Fed. R. Civ. P. 33(d).

Bluesource's answer "that any facts that do support its contentions are contained within the discovery that has already been exchanged" does not meet the specificity requirements of Federal Rules of Procedure 33 and 34. Accordingly, when Bluesource supplements its responses to any of the interrogatories or demands discussed within this order, it must do so with specificity in compliance with the law.

    **2.**    **Relevance, Breadth, and Proportionality** (Interrogatory No. 16; Demand Nos. 3, 5, 7, 8 12, 17)

Information is discoverable if it is relevant to the issues in the case or if it is "reasonably calculated to lead to discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit . . .

Fed. R. Civ. P. 26(b)(1).

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . .

Fed. R. Civ. P. 26(b)(2)(C)(i).

The requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms. *Nobles v. Jacobs IMC (JIMC)*, Civil No. 2002/26, 2003 U.S. Dist. LEXIS 24083 at *2 (D.V.I. 2003). No one would suggest that discovery should be allowed of information that has no conceivable bearing on the case. *Id*. A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *Id*. If protection is needed, it can better be provided by the discretionary powers of the court under Federal Rule of Civil Procedure 26(c) than by constricting the concept of relevance. *Id*. at *3.

In order to resist compliance with discovery requests, the responding party has the burden of demonstrating that responding thereto would be unduly burdensome and oppressive. *Nobles*, 2003 U.S. Dist. LEXIS 24083 at *13-14 (citing *Continental Illinois National Bank & Trust Co. of Chicago v. Caton et al.*, 136 F.R.D. 682, 685 (D.Kan. 1991)). Bare

assertions that the discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient … to bar production." *Id*. at 14 (internal quotations omitted).

Federal Rule of Civil Procedure 34(b) requires the party seeking discovery to describe the documents requested with "reasonable particularity." Broad and undirected requests for all documents which relate in any way to the complaint are regularly stricken as too ambiguous. *Devore v. City of Philadelphia*, Civil Action No. 00-3598, 2002 U.S. Dist. LEXIS 23522 at *5 (E.D. Pa. 2002) (internal quotation omitted).

Plaintiffs argue that they are "entitled to general safety concerns of Defendant's employees regarding the work being done on St Croix to establish the failure to follow procedures and lack of attention as to safety." Mem. at 12-13. Specifically, as to Demand No. 12, Plaintiffs argue that "[t]here is no dispute that the PPE of arc flash suits, proper meters, proper face shields were not ordered until after the incident, Plaintiff is entitled to documents related to that delay." Mem. at 17.

Bluesource argues that "Plaintiffs above-cited discovery demands are not relevant to these claims or exceed the bounds of proportionality." Opp'n at 9. Bluesource takes issue with "Plaintiffs demand 'all' documents . . . do not limit requests to information with any bearing on the incident which occurred on October 17, 2017 . . . [and] also demand information concerning any claims related to electrocution involving re-energization and PPE equipment brought over the last 10 years." *Id*. at 10. Defendant argues that "Any

*Livingston et al v. WAPA et al*
1:19-cv-00012-WAL-GWC
Order
Page 8

policies or safety concerns raised in the past or facts pertaining to Bluesource's use of PPE equipment are not relevant" and "have no bearing on whether Bluesource was negligent with respect to the alleged electrocution in this particular instance." *Id*. at 11.

Bluesource argues that "Plaintiffs demands for the following are not proportional to the needs of this case and could cover information about employees whose action had no bearing on any of the events alleged by Plaintiffs." Opp'n at 13. "Plaintiffs' demand for information and documents in the above captioned discovery requests should be denied as not relevant and overbroad and not proportional to the needs of the case." *Id*. at 14.

Upon review, Plaintiffs' above-cited interrogatory and demands are not requested with reasonable particularity. Plaintiffs limit their request by time,[2] but not place or persons. The Court cannot find that incidents, policies, minutes, or documents pertaining to off-island activities or "any" employees are relevant to the instant case. Accordingly, the interrogatory and demands must be particular to the USVI, Plaintiffs—or those individuals directly involved in the at-issue incident—and safety issues similar to the one at issue. For example, as to Demand No. 12, Plaintiffs' argument is more specific than the cited demand. Plaintiffs may request documents related to the delay of an order for supplies meant for Plaintiffs' project; however, Demand No. 12 requests "*all* documents and communications that evidence and/or concern *in any manner* delays in ordering and/or receiving PPE for *persons* performing *any* repair or rehabilitation work on St. Croix from September of 2017

---

[2] The Court finds that a five-year time frame is not overly broad; however, the request must be relevant to the instant case.

*Livingston et al v. WAPA et al*
1:19-cv-00012-WAL-GWC
Order
Page 9

through March of 2018." [emphasis added]. Demand No. 12 does not meet the reasonable particularity standard required by law.

Thus, Plaintiffs' Motion is denied regarding the above-cited interrogatory and demands, and Plaintiffs may resubmit their requests with reasonable particularity.

### 3. Attorney Work Product and/or Attorney/Client Communications

(Interrogatory Nos. 6, 12, 13)

The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. *Nobles*, 2003 U.S. Dist. LEXIS 24083 at *3. If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf or other agents or representatives, whether personally known to the answering party or not. *Id*.

Under Federal Rule of Civil Procedure 26(b)(5), the party asserting the privilege or protection must specifically identify each document or communication and the type of privilege or protection being asserted in a privilege log. *Nobles*, 2003 U.S. Dist. LEXIS 24083 at *7.

Attorneys often refuse to disclose during discovery those facts that they have acquired through their investigative efforts and assert as the basis for their refusal, the protections of the work product doctrine. *Nobles*, 2003 U.S. Dist. LEXIS 24083 at *10. Where such facts are concerned as opposed to the documents containing them or the

*Livingston et al v. WAPA et al*
1:19-cv-00012-WAL-GWC
Order
Page 10

impressions and conclusions drawn from them, they must be disclosed to the opposing party in response to a proper request for discovery. *Id*. at *10 (citing *Swarthmore Radiation Oncology, Inc. et al. v. Lapes*, 155 F.R.D. 90, 92 (E.D. Pa. 1994)). Courts have allowed the privilege where the documents may disclose the attorneys' mental impressions, conclusions, opinions, or legal theories concerning the litigation but have denied it as to purely factual matters not indicative thereof notwithstanding that they may have been assembled during the litigation process. *Nobles*, 2003 U.S. Dist. LEXIS 24083 at *11.

Regarding the above-cited interrogatories, Bluesource "objects to the extent this contention interrogatory seeks confidential and protected attorney work product and/or attorney/client communications." Response to Interrogatory No. 6; Mem. at 2. Plaintiffs argue that "[f]acts known by the attorney are not work product. Defendant's explanation of what happened as to the failure to provide proper safety equipment and work orders is discoverable." Mem. at 2. Bluesource states that it "has not objected to the disclosure of facts. What it objects to is the Plaintiffs' attempt to obtain the 'mental impressions, conclusions, opinions and legal theory' of counsel." Opp'n at 15.

Regarding Interrogatory No. 6, Bluesource argues that given that "Plaintiffs have firsthand information on how the event unfolded and have conducted multiple depositions on the subject, their asking for 'contentions' as to 'how and why' the events occurred and any 'acts and/or omissions' of defendants that 'caused and/or contributed' to the event underlying Plaintiffs' complaint, indicates that Plaintiffs are seeking not facts about the

*Livingston et al v. WAPA et al*
1:19-cv-00012-WAL-GWC
Order
Page 11

event but the 'mental impressions' and legal theories of Bluesource's counsel. Such disclosures are not permitted." Opp'n at 16. Regarding Interrogatories 6, 12, and 13, Bluesource asserts that "Plaintiff has all the facts as the facts consist of what was already provided in discovery that is in possession of the Plaintiffs." *Id*. at 17.

Whether or not Plaintiffs already have the facts, Bluesource has not shown that it is not obligated to respond to Interrogatory No. 6.[3] A response to the interrogatory does not require the disclosure of privileged information; to the extent that Bluesource asserts that it does, Bluesource must identify each document and communication specifically pursuant to Rule 26(b)(5). Bluesource has not done so. To the extent that Bluesource responded to Interrogatories 6 by stating that it "has no firsthand knowledge," Bluesource cannot limit its answers to matters within its own knowledge and ignore information immediately available to it or under its control. Thus, Bluesource is directed to supplement its response.

Regarding Interrogatory No. 12, the Court agrees with Bluesource's objection that the interrogatory moves into "expert opinion as to whether Plaintiffs' equipment was adequate." Response to Interrogatory No. 12; Mem. at 3-4. Thus, if Plaintiffs choose to resubmit this request, it must be rephrased.

Regarding Interrogatory No. 13, the Court agrees with Bluesource's objection that the interrogatory is "ambiguous as to what is meant by 'established' policies," considering the alleged involvement of ACP, LLC, Berger, and Bluesource. Response to Interrogatory No.

---

[3] Insofar that Interrogatory No. 6 may be construed as a contention interrogatory, the Court will not defer Bluesource's response until the end of the discovery period in this instance.

*Livingston et al v. WAPA et al*
1:19-cv-00012-WAL-GWC
Order
Page 12

13; Mem. at 4-5. Pursuant to Rule 34(b), Plaintiffs are directed to specify whose established policies are being referred to in the interrogatory.

    **4.**    **Redundancy** (Demand Nos. 9, 14, 15, 20)

Federal Rule of Civil Procedure Rule 26(b) directs the courts

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . .
> Fed. R. Civ. P. 26(b)(2)(C)(i).

Bluesource objected to Demand Nos. 9, 14, 15, and 20 based on redundancy.[4] In response to Demand No. 9, Bluesource objected that the request "seeks information that was referenced in response to interrogatories that was already produced by another party to this litigation in discovery. Objection to the extent it is redundant of Request No. 5." Response to Demand No. 5; Mem. at 14-15. Plaintiff argues that "[t]he response to Demand No. 5 is not responsive to Demand No. 9." Mem. at 15.

Bluesource's response to Demand No. 5 is discussed *infra* under 2. Relevance, Breadth, and Proportionality. Bluesource's objection was sustained, and Plaintiffs are directed to rephrase their demands with reasonable particularity. Given that Bluesource objected to Demand No. 5, the Court agrees that the response to Demand No. 5 is not responsive to Demand No. 9. Furthermore, Bluesource's objection to Demand No. 9 on the

---

[4] Defendant does not directly address Demand Nos. 9, 14, 15, or 20 in its Response. *See* Opp'n. In Defendant's discussion of its privilege defense, Defendant refers to "any other discovery request." Opp'n at 14. Defendant's objections to Demands Nos. 9, 14, 15, and 20 do not cite privilege. Thus, no portion of Defendant's Response can be construed to argue Demand Nos. 9, 14, 15, and 20.

*Livingston et al v. WAPA et al*
1:19-cv-00012-WAL-GWC
Order
Page 13

basis that it seeks information "that was already produced by another party" is overruled. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. *Nobles*, 2003 U.S. Dist. LEXIS 24083 at *3. Whether or not Plaintiffs already have a response from another party, Bluesource has not shown that it is not obligated to respond. Accordingly, Bluesource must supplement its reply to Demand No. 9.

In response to Demand Nos. 14, 15, and 20, Bluesource responded that "all responsive documents were previously produced in discovery and are cited in response to Interrogatory No. 9." Plaintiff argues that this response is unresponsive and "circular" because "no documents were produced in response" to Demand No. 9.[5] This Court agrees because Bluesource's responses to Demands Nos. 14, 15, and 20 refer to its response to Demand No. 9, which Bluesource objected to and in turn refers to its response to Demand No. 5, which Bluesource also objected to. Thus, Bluesource is directed to supplement its responses to Demand Nos. 14, 15, and 20.

If Bluesource's objections persist to any of the above-discussed interrogatories and demands, the Court will more appropriately address the concerns in a motion for protective order, if filed.

### IV. CONCLUSION

WHEREFORE, it is now hereby **ORDERED**:

---

[5] Plaintiffs' Memorandum alternates between referring to Interrogatory No. 9 and Demand No. 9. For clarity, the Court will refer to Demand No. 9.

*Livingston et al v. WAPA et al*
1:19-cv-00012-WAL-GWC
Order
Page 14

1. Plaintiffs' Motion to Compel Bluesource LLC to Supplement Discovery Responses (ECF No. 306) is **DENIED IN PART** and **GRANTED IN PART**.

2. All responses to this Order shall be provided to Plaintiffs within fifteen (15) days of the date of this Order.

3. <u>Regarding Interrogatory No. 6</u>

    Plaintiffs' Motion is GRANTED.

4. <u>Regarding Interrogatory No. 12</u>

    Plaintiffs' Motion is DENIED.

5. <u>Regarding Interrogatory No. 13</u>

    Plaintiffs' Motion is DENIED.

6. <u>Regarding Interrogatory No. 16</u>

    Plaintiffs' Motion is DENIED.

7. <u>Regarding Interrogatory No. 22</u>

    Plaintiffs' Motion is DENIED without prejudice.

8. <u>Regarding Interrogatory No. 23</u>

    Plaintiffs' Motion is DENIED without prejudice.

9. <u>Regarding Interrogatory No. 24</u>

    Plaintiffs' Motion is DENIED without prejudice.

10. <u>Regarding Interrogatory No. 25</u>

    Plaintiffs' Motion is DENIED without prejudice.

11. <u>Regarding Demand No. 3</u>

    Plaintiffs' Motion is DENIED.

12. <u>Regarding Demand No. 5</u>

    Plaintiffs' Motion is DENIED.

13. <u>Regarding Demand No. 7</u>

    Plaintiffs' Motion is DENIED.

14. <u>Regarding Demand No. 8</u>

    Plaintiffs' Motion is DENIED.

15. <u>Regarding Demand No. 9</u>

    Plaintiffs' Motion is GRANTED.

16. <u>Regarding Demand No. 12</u>

    Plaintiffs' Motion is DENIED.

17. <u>Regarding Demand No. 14</u>

    Plaintiffs' Motion is GRANTED.

18. <u>Regarding Demand No. 15</u>

    Plaintiffs' Motion is GRANTED.

19. <u>Regarding Demand No. 17</u>

    Plaintiffs' Motion is DENIED.

20. <u>Regarding Demand No. 20</u>

    Plaintiffs' Motion is GRANTED.

*Livingston et al v. WAPA et al*
1:19-cv-00012-WAL-GWC
Order
Page 16

21. Regarding Demand No. 29

    Plaintiffs' Motion is DENIED without prejudice.

22. Regarding Demand No. 33

    Plaintiffs' Motion is DENIED without prejudice.

23. Regarding Demand No. 34

    Plaintiffs' Motion is DENIED without prejudice.

24. Regarding Demand No. 35

    Plaintiffs' Motion is DENIED without prejudice.

25. Regarding Demand No. 36

    Plaintiffs' Motion is DENIED without prejudice.

ENTER:

Dated: January 7, 2022                /s/ George W. Cannon, Jr.
                                      GEORGE W. CANNON, JR.
                                      U.S. MAGISTRATE JUDGE