DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| MILES LIVINGSTON, ANNA LIVINGSTON, and CHRISTOPHER GLAVACH, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 2019-0012 |
| LOUIS BERGER formerly LOUIS BERGER GROUP, VIRGIN ISLANDS WATER AND POWER AUTHORITY, and BLUESOURCE, LLC, ) ) ) ) ) ) | |
| Defendants. ) ) | |
| LOUIS BERGER, ) ) | |
| Third-Party Plaintiff/Counter-Defendant, ) ) | |
| v. ) ) | |
| BLUESOURCE, LLC, ) ) | |
| Third-Party Defendant/Counter-Claimant. ) ) | |
| LOUIS BERGER, ) ) | |
| Third-Party Plaintiff/Counter-Defendant, ) ) | |
| v. ) ) | |
| ACP, LLC, ) ) | |
| Third-Party Defendant/Counter-Claimant. ) ) | |

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
  *For Plaintiffs Miles Livingston, Anna Livingston, and Christopher Glavach*

**Warren B. Cole, Esq.,**
St. Croix, U.S.V.I.
   *For Defendant Virgin Islands Water and Power Authority*

**Eugenio W.A. Geigel Simounet, Esq.,**
St. Croix, U.S.V.I.
**James L. Hymes, III, Esq.,**
St. Thomas, U.S.V.I.
   *For Defendant/Third-Party Plaintiff/Counter-Defendant Louis Berger*

**Carl A. Beckstedt, III, Esq.,**
**Robert J. Kuczynski, Esq.,**
St. Croix, U.S.V.I.
   *For Defendant/Third-Party Defendant/Counter-Claimant Bluesource LLC*

**Daryl C. Barnes, Esq.,**
St. Croix, U.S.V.I.
   *For Third-Party Defendant/Counter-Claimant ACP, LLC*

## **MEMORANDUM OPINION**

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Partial Objection and Appeal to Magistrate Cannon's Order Denying in Part and Granting in Part Plaintiffs' Motion to Compel" ("Objection and Appeal") (Dkt. No. 362) and Memorandum in Support (Dkt. No. 363), filed by Plaintiffs Miles Livingston, Anna Livingston, and Christopher Glavach (collectively, "Plaintiffs"), and Defendant Bluesource, LLC's ("Defendant Bluesource") Opposition thereto (Dkt. No. 383). For the reasons that follow, the Court will grant Plaintiffs' request in their Objection and Appeal to compel Defendant Bluesource to supplement its responses to Interrogatory Nos. 22, 23, 24, and 25, and Demand Nos. 29, 33, 34, 35, and 36.

### I.     BACKGROUND

Plaintiffs filed a Complaint in the Superior Court of the Virgin Islands against Defendant Louis Berger and Defendant Virgin Islands Water and Power Authority, which was then removed to this Court. (Dkt. No. 1). Plaintiffs allege that in 2017 Plaintiff Miles Livingston and Plaintiff

2

Christopher Glavach were working as an electrician and electrician helper, respectively, when they were electrocuted due to the negligence of Defendants. (Dkt. No. 1-1). Defendant Louis Berger subsequently filed a Third-Party Complaint alleging that Defendant Bluesource "was responsible for the safety of the Plaintiffs and as a result it is now obligated with a duty to indemnify, hold harmless, and defend Berger." (Dkt. No. 58). Plaintiffs then filed a Second Amended Complaint to include claims against Defendant Bluesource. (Dkt. No. 67).[1]

On December 14, 2021, Plaintiffs filed a "Motion to Compel Bluesource[,] LLC[] to Supplement Discovery Responses" (Dkt. No. 306), wherein Plaintiffs requested an order compelling Defendant Bluesource "to supplement its responses to Plaintiffs' Interrogatory Nos. 6, 12, 13, 16, 22, 23, 24, 25, and Demand Nos. 3, 7, 8, 9, 14, 15, 20, 29, 12, 17, 33, 34, 35, 36, propounded on August 20, 2020." *Id.* at 1. The instant appeal is related only to Interrogatory Nos. 22-25 and Demand Nos. 29 and 33-36. (Dkt. No. 363 at 2, 5).

In the interrogatories at issue, Plaintiffs requested that Defendant Bluesource "identify fully all facts which support" various affirmative defenses. (Dkt. No. 307 at 7-11).[2] In response to each interrogatory, Defendant Bluesource stated:

> Objection. Plaintiff has proffered a contention interrogatory seeking the factual basis for Defendant's affirmative defense. A party may not be compelled to respond to such contention interrogatories at the early stages of discovery. B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525, (E.D.Pa.1994). Furthermore, written discovery is only in its infancy and depositions have not yet been taken. Defendant reserves the right to supplement its response at the appropriate time. Finally, Bluesource, through its undersigned representative, has no personal knowledge regarding its counsel's selection or inclusion of affirmative defenses to the allegations of the Complaint. Bluesource is advised by its counsel that Rule 12(b) of the Federal Rules of Civil Procedure requires that "every defense, in law or in fact ... shall be asserted in the responsive pleading". Bluesource is

---

[1] On May 21, 2020, Defendant Louis Berger also filed a Third-Party Complaint against ACP, LLC. (Dkt. No. 64). Both Defendant Bluesource and Third-Party Defendant ACP, LLC counter-claimed in response to Defendant Louis Berger's respective Third-Party Complaints. (Dkt. Nos. 81, 115).

[2] Plaintiffs inquired about affirmative defenses 6, 9-11, 13-14, and 16. (Dkt. No. 363 at 4).

3

>further advised that the obligation to assert all legal defenses and to preserve same, should investigation and discovery support such defense, does not prejudice the right of Bluesource at the conclusion of the discovery process to withdraw any legal defense that has been preserved but which is not supportable by facts or circumstantial evidence developed during the litigation prior to trial.

*Id.* Plaintiffs' Demand Nos. 29 and 33-36 similarly requested that Defendant Bluesource "produce copies of all documents, communications and demonstrative evidence which support" various affirmative defenses or denials of Plaintiffs' allegations, to which Defendant Bluesource gave a similar response. *Id.* at 19-21.

Magistrate Judge George W. Cannon, Jr. denied without prejudice Plaintiff's Motion to Compel as to the disputed discovery requests finding that the requests were contention interrogatories and thus were premature, stating: "Given that the deadline for factual discovery has been extended to February 28, 2022, it is not yet the 'later stage of discovery' or 'end of the discovery period' referred to in caselaw. Plaintiffs have not shown that an earlier response assists the goals of discovery." (Dkt. No. 335 at 4).

For the reasons discussed below, the Court will reverse the Magistrate Judge's ruling and enter an Order directing Defendant Bluesource to provide responses to the contested interrogatories and document requests to Plaintiffs within ten days of this Court's Order.

## II. APPLICABLE LEGAL PRINCIPLES

The Court reviews a magistrate judge's decision on a discovery issue under the "'clearly erroneous or contrary to law' standard." *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir. 1992); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the [magistrate judge's] order is clearly erroneous or contrary to law"); Fed. R. Civ. P. 72(a) (providing that a district judge "must consider

4

timely objections and modify or set aside any part of [an] order [on a non-dispositive matter] that is clearly erroneous or is contrary to law").

A factual finding "is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lo Bosco v. Kure Eng'g Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J. 1995) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "In reviewing a magistrate judge's factual determinations [on a non-dispositive matter], a district court may not consider any evidence which was not presented to the magistrate judge." *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing *Haines*, 975 F.2d at 92).

On the other hand, district courts conduct a *de novo* review of a magistrate judge's legal conclusions on non-dispositive matters where a party objects on the basis that those conclusions were contrary to law. *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (for a non-dispositive motion referred to a magistrate judge, district courts "review[] findings of fact for clear error and [] review matters of law *de novo*"). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (citing *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998)).

### III.   DISCUSSION

Federal Rules of Civil Procedure 26 through 37 govern the discovery process. Rule 26 provides in pertinent part that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," within certain limits. Fed. R. Civ. P. 26(b); *see also id.* at 26(b)(2)(C) (limitations). Rule 33 governs the service of interrogatories and Rule 34 governs the production of documents, including electronically stored information. *See* Fed. R. Civ.

P. 33, 34. If the requesting party believes that the responding party has failed to be responsive to properly requested discovery, Rule 37 provides a procedure to move for an order compelling discovery. Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.").

"Contention interrogatories ask a party: to state what it contends; to state whether it makes a specified contention; to state all the facts upon which it bases a contention; to take a position, and explain or defend that position, with respect to how the law applies to facts; or to state the legal or theoretical basis for a contention." *B. Braun Med. Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994); *see also Susquehanna Com. Fin., Inc. v. Vascular Res., Inc.*, No. 1:09-CV-2012, 2010 U.S. Dist. LEXIS 127125, at *29 (M.D. Pa. Dec. 1, 2010) ("Interrogatories that 'ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts' often are referred to as 'contention interrogatories.'" (citing *In re Grand Casinos, Inc., Sec. Litig.*, 181 F.R.D. 615, 618 (D. Minn. 1998))). Contention interrogatories "serve an important purpose in helping to discover facts supporting the theories of the parties" and "narrow[ing] and sharpen[ing] the issues thereby confining discovery and simplifying trial preparation." *Woodrow Woods & Marine Exhaust Sys., Inc. v. Deangelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012) (citing Fed. R. Civ. P. 33 advisory committee's note to 1970 amendment).

There is no question that Plaintiffs' interrogatories requesting the factual basis for Defendant Bluesource's affirmative defenses fall squarely within the definition of contention

6

interrogatories. *See Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) ("Interrogatory no. 15, which asks defendant to identify its affirmative defenses and state the facts supporting these defenses, is a contention interrogatory under Rule 33(a)(2)."); *Dalmatia Imp. Grp., Inc. v. FoodMatch, Inc.*, Civil Action No. 16-2767, 2016 U.S. Dist. LEXIS 136743, at *5 (E.D. Pa. Oct. 3, 2016) (finding interrogatories were contention interrogatories where they "each ask [the defendant] to 'state all facts and identify all evidence' to support various contentions or affirmative defenses"). But the analysis does not end there. Indeed, this is just the beginning of the inquiry.

Rule 33 of the Federal Rules of Civil Procedure provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). Relying on this Rule, Defendant Bluesource objected to Plaintiffs' contention interrogatories on the ground, *inter alia*, that "[a] party may not be compelled to respond to such contention interrogatories at the early stages of discovery." (Dkt. No. 307 at 7). Consistent with this theory, in ruling on Plaintiffs' Motion to Compel the Magistrate Judge concluded that it was not yet sufficiently late in discovery to require responses to the contention interrogatories and that "*Plaintiffs have not shown that an earlier response assists the goals of discovery.*" (Dkt. No. 335 at 4) (emphasis added). Along the same lines, Defendant Bluesource argues before this Court that Plaintiffs have not met their burden of showing why an early response to contention interrogatories is appropriate. (Dkt. No. 383 at 5-6).

This Court is of the view that Defendant Bluesource's objection and argument, and the Magistrate Judge's placement of the burden on Plaintiffs to show the need for an earlier response

7

to the contention interrogatories, are at odds with the plain text of Rule 33(a)(2). The Rule first makes clear that contention interrogatories are not objectionable in and of themselves. The Rule then goes on to allow the court discretion to order that such interrogatories be answered at a later time. Based on the structure and content of the Rule, the Court concludes that, contrary to Defendant Bluesource's objection, there is no *entitlement* to a delayed response time for contention interrogatories. Rather, the Rule requires that "contention interrogatories must be responded to within the usual 30-day period unless a court, in its discretion, finds that the response time should be delayed." *Kartman v. State Farm Mut. Auto. Ins. Co.*, 247 F.R.D. 561, 566 (S.D. Ind. 2007). In other words, Rule 33 "recognizes that deferral of responses may be appropriate in some cases, but that such deferral is not the default rule." *Hill-Rom Servs. v. Tellisense Med.*, No. 1:17-cv-04725-TWP-MJD, 2019 U.S. Dist. LEXIS 234049, at *8 (S.D. Ind. Nov. 18, 2019). Because "[t]he general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required," *Starcher v. Correctional Med. Sys.*, 144 F.3d 418, 421 n.2 (6th Cir. 1998), the burden for justifying a deviation from the normal course must be shouldered by the party seeking the deviation. Accordingly, the Court concludes that the Magistrate Judge erred in placing the burden on Plaintiffs to justify the need for a timely response, rather than on Defendant Bluesource to demonstrate why the court should exercise its discretion

to extend the time for its response to the contention interrogatories. *Hill-Rom Servs.*, 2019 U.S. Dist. LEXIS 234049, at *8.[3] This error of law warrants reversal of the Magistrate Judge's opinion.[4]

The Court next turns to the issue of the discretion afforded to courts to defer responses to contention interrogatories. The Court recognizes that "there is considerable support" for the proposition that responses to contention interrogatories should be deferred until the latter part of discovery. *See, e.g.*, *B. Braun Med. Inc.*, 155 F.R.D. at 527 ("[T]here is considerable support for deferring contention interrogatories until the end of the discovery period."); *Amgen Inc. v. Sandoz Inc.*, No. 14-cv-04741-RS (MEJ), 2016 U.S. Dist. LEXIS 33431, at *11 (N.D. Cal. March 15, 2016) ("[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, [and instead] grant them if discovery almost is complete." (quoting *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008)

---

[3] The Court acknowledges that some district courts have found to the contrary—specifically that "[t]he moving party bears the burden to show 'that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure.'" *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 228, 229 (E.D. Pa. 2014) (quoting *Fischer & Porter Co. v. Tolson,* 143 F.R.D. 93, 96 (E.D.Pa.1992)); *see also In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 338 (N.D. Cal. 1985); *B. Braun Med. Inc.*, 155 F.R.D. at 527. This Court respectfully disagrees which such a conclusion for the reasons stated above.

[4] The Court recognizes that the decision to defer responses to contention interrogatories is discretionary. *See* Fed. R. Civ. P. 33(a)(2); *Engage Healthcare Communs., LLC v. Intellisphere, LLC*, Civil Action No. 12-cv-00787(FLW)(LHG), 2017 U.S. Dist. LEXIS 83068, at *33 (D.N.J. Feb. 10, 2017) ("[T]he decision to defer a response to a contention interrogatory is a discretionary one."). Further, when ruling on pre-trial discovery matters, the trial court may afford a magistrate judge's decisions "wide discretion." *White v. Day*, Civil Action No. 2018-0018, 2020 WL 3213355, at *2 (D.V.I. June 15, 2020) (citing *NLRB v. Frazier*, 966 F.2d 812, 817 (3d Cir.1992) and *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir.1992)). Here, Magistrate Judge Cannon decided, in his discretion, that as of January 7, 2022, the contention interrogatories were premature and denied Plaintiffs' Motion to Compel without prejudice. However, because the Magistrate Judge's erroneous assignment of the burden of proof serves as the foundation for his exercise of discretion, the error of law negates the "wide discretion" that may otherwise be afforded to a Magistrate Judge's pretrial discovery determinations. Because the Court resolves the Objection and Appeal on this ground, the Court need not address Plaintiffs' other grounds for appeal.

(internal quotation marks omitted)). The Court further recognizes that the justification for a court's deferral of answers to contention interrogatories is informed by the concern that parties who have not yet participated fully in discovery might be locked into legal positions based on facts that are not fully developed. *Dalmatia Imp. Grp., Inc.*, 2016 U.S. Dist. LEXIS 136743, at *4; *Novanta Corp. v. Iradion Laser, Inc.*, Civil Action No. 15-1033-SLR-SRF, 2016 U.S. Dist. LEXIS 126042, at *22-23 (D. Del. Sept. 16, 2016) ("If the court forces a party to respond to early contention interrogatories, the party may have to set forth theories of its case that have not yet been developed.").

Even while recognizing that answers to contention interrogatories might not be fully fleshed out prior to the completion of discovery, this does not—in the Court's view—sanction the wholesale deferral of responses to contention interrogatories, because all that is required is that a party state the facts in its possession. *See Sabin v. St. Croix Basic Servs.*, Civil No. 2002/80, 2003 U.S. Dist. LEXIS 24525, at *5-6 (D.V.I. Oct. 6, 2003) ("Regarding affirmative defenses, defendant must respond to interrogatories by stating all facts currently known to defendant as requested by Plaintiff."); *Bhagwandass v. Hovensa, L.L.C.*, No. Civ. 2001/5, 2002 WL 32349814, at *4 (D.V.I. Oct. 29, 2002) (same). And, there should be some such facts from the outset of the litigation because Rule 11 requires that counsel have a good faith basis for the assertions in pleadings. *See Nat'l Acad. of Recording Arts & Scis., Inc.*, 256 F.R.D. at 682 ("Requiring a defendant to answer a contention interrogatory and to produce documents that support its affirmative defenses is '[c]onsistent with Rule 11 of the Federal Rules of Civil Procedure,' which requires parties [to] have some factual basis for their claims and allegations." (quoting *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007)); *Sanchez v. Cty. of Sacramento*, No. 2:19-CV-01545-MCE-AC, 2020 WL 605882, at *4 (E.D. Cal. Feb. 7, 2020) ("Federal Rule of

Civil Procedure 11, which requires parties to have some factual basis for their claims and allegations, allows for requests seeking documents to support a defendant's affirmative defenses." (quoting *Uribe v. McKesson*, No. 08-cv-1285 DMS (NLS), 2010 WL 653975, at *4 (E.D. Cal. Feb. 19, 2010)) (internal quotation marks omitted)); *Kartman*, 247 F.R.D. at 565 ("Plaintiffs should be able to articulate their general legal theories in this high-stakes, class action litigation even if these theories are not fully developed."). While the facts may change or evolve as the parties engage in discovery, the Rules provide the opportunity—indeed the duty—to supplement responses as appropriate. *See* Fed. R. Civ. P. 26(e); *Bhagwandass*, 2002 WL 32349814, at *4 ("A party must supplement its discovery response if additional or corrective information has not otherwise been made known to the other parties."); 7 Moore's Federal Practice - Civil § 33.78 (2021) ("[C]ourts have recognized that answers to contention interrogatories may evolve over time, and an answer to an interrogatory does not conclusively bind the answering party in all instances. However, the responding party would then have a duty to supplement or correct the previous responses unless the facts were made known in other discovery.").

Thus, Defendant Bluesource's response to the interrogatories at issue is misguided. The applicable Rules do not give defendants license to hide behind their counsel as the author of affirmative defenses; wrap counsel in the blanket of Rule 12(b)'s requirement to assert defenses in a responsive pleading; and then proceed to embark on a fishing expedition in an attempt to find support for whatever affirmative defenses may have been asserted in the responsive pleading— regardless of how untethered they may be to the facts of the case—while taking solace in their ability to withdraw any ill-founded defense. Yet, this is precisely what Bluesource's objection to Plaintiffs' contention interrogatories seems to suggest. (Dkt. No. 307 at 7-11 (stating that Defendant Bluesource has no personal knowledge of its affirmative defenses; that it must assert

11

every defense in its pleading under Rule 12(b); and that it may withdraw any defense that lacks support after discovery has concluded)). Such an approach ignores the viability of Rule 11. Indeed, as noted by a district court within the Third Circuit:

> All too often, the Court reviews answers littered with affirmative defenses unmoored from the facts of the case. When the Court confronts lawyers about these offending filings, the lawyers say, almost universally, that they asserted affirmative defenses prophylactically in order to avoid a waiver. That answer has superficial appeal. After all, what lawyer wouldn't want to be diligent and preserve all possible defenses for his client? But dig even a little bit deeper, and the answer reveals a serious problem: the Federal Rules of Civil Procedure do not allow for that approach. Instead, Rule 11 demands a lawyer have a good faith basis that there is evidentiary support for every assertion in a pleading. That requirement applies to affirmative defenses just like other assertions in a pleading. When lawyers ignore that obligation, they violate Rule 11.

*Greenspan v. Platinum Healthcare Grp., LLC*, Case No. 2:20-cv-05874-JDW, 2021 U.S. Dist. LEXIS 48884, at *1-2 (E.D. Pa. March 16, 2021). This Court agrees.

In short, while there may be occasions where a deferral of responses to contention interrogatories for affirmative defenses may be appropriate in the exercise of the court's discretion, this Court does not subscribe to the view—for the reasons stated above—that such an approach should be either the default position or the norm. Just as a plaintiff must have a good faith basis for asserting allegations in a complaint—and indeed must be able to survive an *Iqbal/Twombly* challenge as to the sufficiency of the allegations—a defendant must also have a good faith basis for asserting its affirmative defenses.[5] Thus, *some* response should usually be able to be provided

---

[5] The parties dispute whether the rules regarding "contention interrogatories" apply to Plaintiffs' demands for production of documents. (Dkt. Nos. 363 at 5; 383 at 5). The production of documents is governed by Rule 34 of the Federal Rules of Civil Procedure, which does not include a similar caveat as Rule 33 regarding a court's discretion to delay contention interrogatories. Accordingly, the Court concludes that the rule regarding contention interrogatories does not apply to document requests under Rule 34. In fact, the production of documents and evidence which support a party's defenses should commence as early as the time of a party's initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(ii) ("[A] party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored

to contention interrogatories during the 30-day discovery period, and the burden is on the defendant to show otherwise.[6]

## IV. CONCLUSION

For the reasons stated above, the Court will reverse the Magistrate Judge's ruling as to Interrogatory Nos. 22, 23, 24, and 25, and Demand Nos. 29, 33, 34, 35, and 36, and will grant Plaintiffs' request in their Objection and Appeal to compel Defendant Bluesource to supplement its responses to those disputed discovery requests. Defendant Bluesource shall have 10 days from the date of this Order, up to and including March 11, 2022, to provide the responses to Plaintiffs.

An appropriate Order accompanies this Memorandum Opinion.

Date: March 1, 2022 _____/s/_____
WILMA A. LEWIS
District Judge

---

information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.").

[6] Defendant Bluesource argues that the Court should deny Plaintiffs' Objection and Appeal because Plaintiffs failed to confer with it prior to filing its Objection and Appeal. (Dkt. No. 383 at 2 (citing LRCi. 72.4 and LRCi 7.1(f))). While the parties are obligated to comply—and the Court expects compliance—with the Local Rules of Civil Procedure, the Court declines to deny Plaintiff's Objection and Appeal on that basis under the circumstances here.