**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| MILES LIVINGSTON, ANNA LIVINGSTON, and CHRISTOPHER GLAVACH, )<br><br>　　　　　Plaintiffs, )<br><br>　　v. )<br><br>LOUIS BERGER formerly LOUIS BERGER GROUP, VIRGIN ISLANDS WATER AND POWER AUTHORITY, and BLUESOURCE, LLC, )<br><br>　　　　　Defendants. )<br><br>LOUIS BERGER, )<br><br>　　　　　Third-Party Plaintiff/<br>　　　　　Counter-Defendant, )<br><br>　　v. )<br><br>BLUESOURCE, LLC, )<br><br>　　　　　Third-Party Defendant/<br>　　　　　Counter-Claimant. )<br><br>LOUIS BERGER, )<br><br>　　　　　Third-Party Plaintiff/<br>　　　　　Counter-Defendant, )<br><br>　　v. )<br><br>ACP, LLC, )<br><br>　　　　　Third-Party Defendant/<br>　　　　　Counter-Claimant. ) | **Civil Action No. 2019-0012** |

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiffs Miles Livingston, Anna Livingston, and Christopher Glavach*

**Chivonne Thomas, Esq.,**
Miami, FL.
**Eugenio W.A. Geigel Simounet, Esq.,**
St. Croix, U.S.V.I.
**James L. Hymes, III, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant/Third-Party Plaintiff/Counter-Defendant Louis Berger*

**Carl A. Beckstedt, III, Esq.,**
**Robert J. Kuczynski, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant/Third-Party Defendant/Counter-Claimant Bluesource, LLC*

**Daryl C. Barnes, Esq.,**
St. Croix, U.S.V.I.
    *For Third-Party Defendant/Counter-Claimant ACP, LLC*

**Scot F. McChain, Esq.**
**Yohana M. Manning, Esq.**
St. Croix, U.S.V.I.
    *For Intervenor Louisiana Workers' Compensation Corporation*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the "Joint Motion to Amend the Complaint and Dismiss All Claims Against Bluesource with Prejudice" ("Motion") (Dkt. No. 492) filed by Plaintiffs Miles Livingston, Anna Livingston, and Christopher Glavach (collectively, "Plaintiffs") and Defendant Bluesource, LLC ("Bluesource"); Defendant Louis Berger's ("Berger") Opposition to the Motion (Dkt. No. 499); and Plaintiffs and Bluesource's Reply thereto (Dkt. No. 500).[1]

---

[1] Plaintiffs and Bluesource also filed a "Motion to Deem Conceded Joint Motion to Amend and to Dismiss" (Dkt. No. 496), wherein the parties noted that Berger had not filed an Opposition to the Motion by the deadline and requested that the Court deem the Motion conceded. *Id*. at 1-2. The Court will deny the request.

1

In their Motion, Plaintiffs and Bluesource state that they have entered into a final settlement agreement and request that the Court grant Plaintiffs leave to amend their Second Amended Complaint and dismiss Plaintiffs' claims against Bluesource with prejudice, with each party to bear their own costs and fees.[2] (Dkt. No. 492 at 1-2). Berger opposes the Motion on the grounds that it is titled as a "Joint" Motion, which Berger claims is misleading because it suggests that the parties have agreed to the Motion when in fact Berger has not. (Dkt. No. 499 at 6-7). Berger does not otherwise provide a substantive reason for opposing the Motion.

Plaintiffs and Bluesource's styling of their request as a "Joint" Motion is not misleading so as to warrant denial of the request to dismiss the claims against Bluesource. Berger cites *Qatar Nat'l Bank v. Winmar, Inc.*, 831 F. Supp. 2d 159, 160 (D.D.C. 2011) to support its assertion that the Motion should be denied as misleading. However, *Qatar Nat'l Bank* is inapt, as it involved a party filing a joint stipulation stating that it had reached an agreement with an opposing party on the amount of a supersedeas bond to be posted, when in fact the opposing party did not consent to the bond amount or the filing of the stipulation. *Id*. at 160-161. That is not the case here.

The Court recognizes that the Motion could have been styled differently so as to make clear in the title that the parties to the joint filing were Plaintiffs and Bluesource. However, there is no chance here of being misled. First, the Motion was filed in response to this Court's Order entered on April 21, 2023 (Dkt. No. 489), which directed *Plaintiffs and Bluesource* to make an appropriate

---

[2] Plaintiffs and Bluesource state that they stipulate and agree to the dismissal of Plaintiffs' claims against Bluesource pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, which provides that a plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). However, the filing was signed only by counsel for Plaintiffs and counsel for Bluesource, but not by Berger's counsel. Therefore, not all parties who have appeared have signed the submission. The Court will therefore treat the filing as a Motion to Dismiss pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

filing with the Court regarding Plaintiffs' claims against Bluesource. Moreover, the body of the Motion clearly states that Plaintiffs and Bluesource are the parties that have reached an agreement, and it makes no representation that Berger joins in either the agreement or the request for relief. Finally, the Motion is signed by counsel for Plaintiffs and Bluesource only. Accordingly, there is no credible basis to assert that the Motion is misleading, and thus, Berger has offered no valid reason to deny the request to dismiss the claims against Bluesource.

Given that Berger has offered no valid basis for denying the request to dismiss Plaintiffs' claims against Bluesource, there is likewise no valid basis for denying the request to amend the Complaint. Pursuant to Fed. R. Civ. P. 15(a), courts should "freely" give leave to amend complaints when justice requires. *In re Burlington Coat Factory*, 114 F.3d 1410, 1434 (3d Cir. 1997). Leave to amend should be denied only when there exists evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Absent a justifying reason, it is an abuse of discretion to deny leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Plaintiffs' proposed Third Amended Complaint simply removes references to Bluesource and clarifies that Plaintiffs seek damages only against Berger for several and not joint liability. (Dkt. No. 492-1). Having decided above that the dismissal of Plaintiffs' claims against Bluesource is appropriate, the Court finds that the amendment of the Second Amended Complaint to reflect such dismissal is likewise appropriate.

In view of the foregoing, the Court will grant the Motion to Dismiss Plaintiffs' claims against Bluesource and to Amend the Complaint to reflect such dismissal.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Plaintiffs and Bluesource's "Joint Motion to Amend the Complaint and Dismiss All Claims Against Bluesource with Prejudice" (Dkt. No. 492) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' claims against Bluesource are **DISMISSED WITH PREJUDICE**, with each party to bear their own attorneys' fees and costs; and it is further

**ORDERED** that Plaintiffs shall have up to and including **August 11, 2023** to file their Third Amended Complaint as it appears at Docket Number 492-1, Attachment 1 (Exhibit A); and it is further

**ORDERED** that Bluesource's "Motion for Summary Judgment Against All Plaintiffs" (Dkt. No. 460) is **DENIED AS MOOT**; and it is further

**ORDERED** that Plaintiffs and Bluesource's "Motion to Deem Conceded Joint Motion to Amend and to Dismiss" (Dkt. No. 496) is **DENIED**.

**SO ORDERED.**

Date: August 3, 2023  _____/s/_____
WILMA A. LEWIS
District Judge