## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| MILES LIVINGSTON, ANNA LIVINGSTON, and CHRISTOPHER GLAVACH,<br><br>   Plaintiffs,<br><br>  v.<br><br>LOUIS BERGER formerly LOUIS BERGER GROUP, VIRGIN ISLANDS WATER AND POWER AUTHORITY, and BLUESOURCE, LLC,<br><br>   Defendants. | Civil Action No. 2019-0012 |
| LOUIS BERGER,<br><br>   Third-Party Plaintiff/<br>   Counter-Defendant,<br><br>  v.<br><br>BLUESOURCE, LLC,<br><br>   Third-Party Defendant/<br>   Counter-Claimant. | |
| LOUIS BERGER,<br><br>   Third-Party Plaintiff/<br>   Counter-Defendant,<br><br>  v.<br><br>ACP, LLC,<br><br>   Third-Party Defendant/<br>   Counter-Claimant. | |

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiffs Miles Livingston, Anna Livingston, and Christopher Glavach*

**Chivonne Thomas, Esq.,**
Miami, FL.
**Eugenio W.A. Geigel Simounet, Esq.,**
St. Croix, U.S.V.I.
**James L. Hymes, III, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant/Third-Party Plaintiff/Counter-Defendant Louis Berger*

**Carl A. Beckstedt, III, Esq.,**
**Robert J. Kuczynski, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant/Third-Party Defendant/Counter-Claimant Bluesource, LLC*

**Daryl C. Barnes, Esq.,**
St. Croix, U.S.V.I.
    *For Third-Party Defendant/Counter-Claimant ACP, LLC*

**Scot F. McChain, Esq.**
**Yohana M. Manning, Esq.**
St. Croix, U.S.V.I.
    *For Intervenor Louisiana Workers' Compensation Corporation*

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on Third Party Plaintiff Louis Berger's ("Berger") "[ ] Voluntary Dismissal of Bluesource, LLC Pursuant to Fed. R. Civ. P. 41(A)(2)" (Dkt. No. 468), Third Party Defendant Bluesource, LLC's ("Bluesource") Partial Opposition (Dkt. No. 473), and Berger's Reply thereto (Dkt. No. 476). For the reasons set forth below, the Court will dismiss Berger's claims against Bluesource with prejudice and deny Bluesource's request for attorneys' fees.

### I.    BACKGROUND

Plaintiffs Miles Livingston ("Livingston"), Anna Livingston, and Christopher Glavach ("Glavach") (collectively, "Plaintiffs") filed an action in the Superior Court of the Virgin Islands

2

against Defendants Louis Berger and the Virgin Islands Water and Power Authority, which was subsequently removed to this Court.[1] (Dkt. No. 1). Plaintiffs allege that in 2017, Livingston and Glavach were working as an electrician and electrician helper, respectively, when they were electrocuted due to the negligence of Defendants. (Dkt. No. 1-1). Berger subsequently filed a Third-Party Complaint ("TPC") alleging that Defendant Bluesource "was responsible for the safety of the Plaintiffs and as a result it is now obligated with a duty to indemnify, hold harmless, and defend Berger." (Dkt. No. 58 at 2). Plaintiffs then filed a Second Amended Complaint to include claims against Bluesource, stating that if Berger's allegations with respect to Bluesource are true, then Bluesource is also liable to Plaintiffs for damages. (Dkt. No. 67). Bluesource filed a Counterclaim against Berger, alleging that Bluesource is entitled to recover contribution and indemnity from Berger for any liability Bluesource has to Plaintiffs. (Dkt. No. 81).

On February 3, 2023, Berger filed a "[ ] Voluntary Dismissal of Bluesource, LLC Pursuant to Fed. R. Civ. P. 41(A)(2)" ("Motion") (Dkt. No. 468), moving to dismiss its claims against Bluesource without prejudice, with each side to bear its own fees and costs.[2] *Id*. at 2. Bluesource

---

[1] Defendant Virgin Islands Water and Power Authority was voluntarily dismissed from this action on November 9, 2022. (Dkt. No. 454).

[2] Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, a party seeking to dismiss an action after the opposing party serves either an answer or a motion for summary judgment must request dismissal by court order. Fed. R. Civ. P. 41(a)(2). Here, Bluesource has served an Answer (Dkt. No. 81) and a Motion for Summary Judgment (Dkt. No. 436); thus Berger must proceed by motion in seeking to dismiss its claims against Bluesource. Although improperly styled as a "Notice" instead of a "Motion," the title of Berger's filing references Rule 41(a)(2), and the body of the filing properly states that it "moves to dismiss" the matter against Bluesource pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Notice will therefore be treated as a Motion to voluntarily dismiss Berger's claims against Bluesource.

3

filed a Partial Opposition to Berger's Motion (Dkt. No. 473), requesting that the Court dismiss Berger's claims with prejudice and award attorneys' fees to Bluesource.[3]

## II. DISCUSSION

### A. Dismissal with Prejudice

Bluesource argues that dismissal should be with prejudice because the TPC has been pending for nearly three years and Bluesource has incurred significant financial costs in litigating the matter. (Dkt. No. 473 at 7-8). While Berger requests that dismissal be without prejudice, it has not challenged Bluesource's arguments nor presented any arguments to support the request for dismissal without prejudice. (Dkt. Nos. 468, 476).

Federal Rule of Civil Procedure 41(a)(2) provides that dismissals under this subsection of the Rule shall be "on terms that the court considers proper," and that, "[u]nless otherwise stated in the notice of dismissal . . . the dismissal is without prejudice[.]" *See* Fed. R. Civ. P. 41(a)(2). The ultimate decision as to whether to grant the motion to dismiss with or without prejudice lies in the discretion of the Court. *See Benitec Australia Ltd. v. Nucleonics, Inc.*, 2005 U.S. Dist. LEXIS 22008, *3 (D. Del. Sept. 29, 2005) ("When a plaintiff moves for a dismissal without prejudice under Rule 41(a)(2), the decision to dismiss with prejudice or without prejudice is left to the discretion of the court.") (citing *Buse v. Vanguard Group of Inv. Co.*, 1994 U.S. Dist. LEXIS 3978, *9 (E.D. Pa. Apr. 1, 1994)); *EEOC v. Bethlehem Steel Co.*, 727 F. Supp. 952, 954 (E.D. Pa. 1990) (opining that a district court is vested with great discretion in determining whether to grant a Rule 41(a)(2) motion with or without prejudice).

---

[3] Plaintiffs filed a Notice of Joinder (Dkt. No. 481) stating that they join in Bluesource's request that Berger's claims against Bluesource be dismissed with prejudice. *Id*. at 1-2. Plaintiffs state that they are finalizing their settlement with Bluesource and would be harmed if Berger were to replead claims against Bluesource after Plaintiffs have finalized their settlement with Bluesource. *Id*. at 2.

4

Whether to grant dismissal with prejudice depends on the "legal prejudice and litigation expense" to the defendant, which is determined by several factors: (1) the extent to which the current suit has progressed; (2) the pendency of a dispositive motion by the defendant; (3) the effort and expense incurred by the defendant in preparing for trial; (4) the excessive and duplicative expense of a second litigation; and (5) the plaintiff's diligence in bringing the motion to dismiss. *Degroat v. Rickard*, No. 3:16-CV-01186, 2018 U.S. Dist. LEXIS 234042, at *5-7 (M.D. Pa. Dec. 19, 2018); *Bioverativ Inc. v. CSL Behring LLC*, No. 17-914, 2021 U.S. Dist. LEXIS 147677, at *4 (D. Del. Aug. 6, 2021) (same).

Here, virtually all of the factors counsel in favor of dismissal with prejudice. With the TPC filed on May 8, 2020, Bluesource has been litigating this matter for over three years. The parties have also pursued a significant amount of discovery. In this regard, Bluesource represents that it has produced and reviewed a "voluminous" amount of discovery, engaged in at least 23 separate depositions of 16 different individuals, and engaged in discovery litigation. (Dkt. No. 473 at 4). Following the completion of discovery, Bluesource filed motions for summary judgment against both Plaintiffs and Berger. (Dkt. Nos. 436, 460). These circumstances weigh strongly in favor of dismissal with prejudice. *See Funk v. Custer*, No. 1:CV-10-0915, 2012 U.S. Dist. LEXIS 162467 (M.D. Pa. Nov. 14, 2012) (dismissal with prejudice warranted "[a]fter more than two (2) years of litigating th[e] matter," the court's resolution of discovery disputes, and defendants' filing of motions for summary judgment); *see also Barrett v. McDanel*, No. 06-994, 2007 U.S. Dist. LEXIS 41972, at *9 (W.D. Pa. June 8, 2007) (granting plaintiff's Rule 41(a)(2) motion to dismiss and dismissing the action with prejudice despite plaintiff's request that dismissal be without prejudice, in part because discovery was closed and defendant had filed motions for summary judgment); *Spring City Corp. v. Am. Bldgs. Co.*, No. 98-105, 1999 U.S. Dist. LEXIS 19302 (E.D. Pa. Dec. 8,

1999) (granting plaintiff's Rule 41(a)(2) motion to dismiss and dismissing the action with prejudice because defendant's motion for summary judgment was already pending).

In addition to the foregoing, Bluesource represents that it has incurred approximately $150,000 in legal fees. (Dkt. Nos. 473 at 4, 473-2). Bluesource's substantial effort and expense to litigate this matter and prepare for trial weigh in favor of dismissal with prejudice. For these same reasons, and based on the degree to which the instant litigation has advanced, a second litigation would be excessive and duplicative, which likewise weighs in favor of dismissal with prejudice.[4]

Upon consideration of the relevant factors, the Court concludes that dismissal of Berger's claims against Bluesource with prejudice is warranted. *See Degroat*, 2018 U.S. Dist. LEXIS 234042, at *5-7 (dismissing claims with prejudice where case was ongoing for over two years, discovery was nearly complete, and defendant's motion for summary judgment was pending). Further, in light of the fact that Bluesource's Counterclaim against Berger is based on Bluesource's alleged entitlement to contribution and indemnity for any liability Bluesource has to Plaintiffs, and the fact that the Court has dismissed Plaintiffs' claims against Bluesource with prejudice (Dkt. No. 501), the Court will also dismiss Bluesource's Counterclaim against Berger as moot (Dkt. No. 81).

---

[4] The Court finds that the only remaining factor—whether Berger was diligent in bringing the Motion for dismissal—does not weigh in favor of Bluesource. Bluesource argues that Berger was not diligent in bringing its Motion because it should have known from the outset that Bluesource had contracted with a separate entity, Louis Berger U.S., Inc.—a subsidiary of Berger—and therefore, Bluesource and Berger were not in privity of contract with each other. (Dkt. No. 473 at 4, 10). However, the Court notes that the privity of contract issue was not affirmatively raised on the record by Bluesource in the early stages of the litigation—by, for example, a motion to dismiss. Instead, it was raised on the record much later in the litigation in Bluesource's Motion for Summary Judgment. Having itself raised the privity argument late in the litigation, Bluesource cannot be heard to complain about Berger's lack of diligence on this issue. Accordingly, the Court finds that Bluesource's lack of diligence argument directed at Berger does not weigh in Bluesource's favor.

6

B. **Attorneys' Fees**

Bluesource argues that it is entitled to attorneys' fees because Berger has not been diligent in moving to dismiss this case; Berger has brought a similar lawsuit against Bluesource in New Jersey State Court; and Berger's failure to conduct a meaningful pre-suit investigation amounts to an "exceptional circumstance" warranting an award of fees. (Dkt. No. 473 at 9-11). Berger argues that because this Court has not rendered a decision on the TPC, an award of attorneys' fees is not appropriate. (Dkt. No. 476). For the reasons discussed below, the Court finds that an award of attorneys' fees is not warranted.

In *Carroll v. E One Inc.*, 893 F.3d 139 (3d Cir. 2018), the Third Circuit acknowledged that "[t]his Court has yet to provide guidance as to when awarding attorneys' fees and costs is appropriate under a Rule 41(a)(2) dismissal with prejudice" and determined that "although attorneys' fees and costs should not typically be awarded in a Rule 41(a)(2) dismissal with prejudice, exceptional circumstances may sometimes warrant granting such an award." *Id*. at 149. The Third Circuit then analyzed whether there was an "exceptional circumstance" to warrant the award of attorneys' fees. It concluded that an exceptional circumstance existed because plaintiffs' counsel: (1) sued defendants on behalf of a class of plaintiffs with whom they did not communicate until their respective depositions; (2) did not conduct any pre-suit investigation; (3) continued to force Defendants to incur additional discovery expenses after being presented with notice that the suit was meritless; (4) brought "1,300 actions . . . in 23 separate jurisdictions;" and (5) completed discovery and/or trial on nearly identical cases in other jurisdictions before dismissing this case. *Id*. at 142-49.

The Third Circuit also favorably cited the Tenth Circuit's example in *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) that "when a litigant makes a repeated practice of

bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system, attorneys' fees might be appropriate" in the context of a Rule 41(a)(2) dismissal with prejudice. *Carroll*, 893 F.3d at 148. Similarly, in *Andrew Meyer Designs, LLC v. Hassan*, No. 06-1095, 2006 U.S. Dist. LEXIS 54217, at *1-5 (E.D. Pa. Aug. 4, 2006), the court granted dismissal with prejudice under Rule 41(a)(2) along with attorneys' fees where the plaintiff brought successive claims against the same defendant in Pennsylvania despite pursuing substantially identical claims against the defendant in New York. *Id*. at 5-7.

The Third Circuit in *Carroll* cautioned that awarding attorneys' fees where claims have been dismissed with prejudice "constitutes a high bar for litigants to meet. The run-of-the-mill case will not meet such a bar, even when a jurist believes that a more thorough pre-suit investigation should have been conducted." 893 F.3d at 149; *see also Colombrito v. Kelly*, 764 F.2d 122, 133-34 (2d Cir. 1985) ("[W]hen a lawsuit is voluntarily dismissed with prejudice under Fed. R. Civ. P. 41(a)(2), attorneys' fees have almost never been awarded.").

The circumstances here are distinguishable from those that were deemed by the Third Circuit in *Carroll* to rise to the level of exceptional circumstances. Bluesource contends that it should be awarded attorneys' fees because of the exceptional circumstance that Berger should have discovered sooner that it had no contract with Bluesource. However, as noted earlier, Bluesource did not affirmatively raise this point on the record until it filed its Motion for Summary Judgment. *See* n.4, *supra*; (Dkt. No. 436 at 9-10). Thus, the Court will not fault Berger—by awarding attorneys' fees against it—for failing to act upon this issue when Bluesource itself did not affirmatively raise the issue until relatively late in the litigation. *See Williams*, No. 2011-025, 2013 U.S. Dist. LEXIS 15980, at *10 (denying attorneys' fees on a 41(a)(2) dismissal where plaintiff delayed dismissal of the matter for lack of subject matter jurisdiction until a year into discovery

because defendant's belated motion to dismiss, which raised the issue of jurisdiction for the first time, "[did] not now entitle him to fees and costs incurred during the period that he delayed in filing his motion."). Moreover, even if Berger could or should have discovered earlier that it was not in privity of contract with Bluesource, this circumstance does not meet the high bar necessary to qualify as an exceptional circumstance.[5] Accordingly, the Court will deny Bluesource's request for attorneys' fees.[6]

### III. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Berger's "[ ] Voluntary Dismissal of Bluesource, LLC Pursuant to Fed. R. Civ. P. 41(A)(2)." (Dkt. No.

---

[5] In addition to citing *Carroll* and arguing that the exceptional circumstances standard is met here, Bluesource also applies the same factors used in Section II.A, *supra*, in determining whether Berger's claims should be dismissed with prejudice, to analyze whether legal fees should be awarded. (Dkt. No. 473 at 8-9). Bluesource's reliance on cases, including cases from this district, that pre-dated *Carroll* is misplaced, *id*. at 8-9, because the Third Circuit in *Carroll* subsequently adopted and applied the exceptional circumstances test, and not the factors test, in determining the propriety of awarding attorneys' fees when an action is voluntarily dismissed with prejudice. While some post-*Carroll* cases have improperly ignored the precedent set in *Carroll*, this Court instead applies the exceptional circumstances standard as the applicable law in the Third Circuit. *See Tsouli-Moufid v. Credit Control, LLC*, No. 19-5400, 2020 U.S. Dist. LEXIS 198216 (E.D. Pa. Oct. 26, 2020) (applying the exceptional circumstances standard and not the factors test in a Rule 41(a)(2) voluntary dismissal with prejudice context); *Sivella v. Twp. of Lyndhurst*, No. 2:19-12725, 2020 U.S. Dist. LEXIS 115731 (D.N.J. June 29, 2020) (same); *Lasry v. JP Morgan Chase & Co.*, No. 3:18-cv-09776, 2020 U.S. Dist. LEXIS 58856 (D.N.J. Apr. 3, 2020) (same).

[6] Bluesource attached a complaint by Louis Berger U.S., Inc. stating similar claims against Bluesource in New Jersey to allege—in the background and not the argument section of its brief—"bad faith" on the part of Berger for forum shopping. (Dkt. Nos. 473 at 4; 473-3). However, the New Jersey litigation involves Louis Berger U.S., Inc., the entity with which Bluesource claims to have a contract. (Dkt. No. 473 at 10). The New Jersey action therefore appears to be brought by an entity that—by Bluesource's own admission—is distinct from Defendant Berger, and thus does not aid Bluesource's cause in its quest for fees. Moreover, in *Chambers v. NASCO, Inc.*, 501 U.S. 32, (1991) the Supreme Court examined "the scope of the inherent power of a federal court to sanction a litigant for bad-faith conduct," *id*. at 35, and listed examples of when awarding attorneys' fees is proper, including "if a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled." *Id*. at 45-46 (internal quotations omitted). The circumstances here do not rise to that level.

9

468). In this regard, the Court will dismiss Berger's claims against Bluesource with prejudice, with each party to bear its own fees and costs. The Court will also dismiss Bluesource's Counterclaim against Berger. (Dkt. No. 81).

      An appropriate Order accompanies this Memorandum Opinion.

Date: August 3, 2023                                      _____/s/_____
                                                                                     WILMA A. LEWIS
                                                                                     District Judge