## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| MILES LIVINGSTON, ANNA LIVINGSTON, and CHRISTOPHER GLAVACH,<br><br>        Plaintiffs,<br><br>        v.<br><br>LOUIS BERGER formerly LOUIS BERGER GROUP, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 2019-0012<br>)<br>)<br>)<br>)<br>)<br>) |

**Attorneys:**
**Lee J. Rohn, Esq.**
St. Croix, U.S.V.I.
    *For Plaintiffs*

**Jennifer Miller Brooks, Esq.**
**Chivonne A.S. Thomas, Esq.**
Miami, FL
**Eugenio W.A. Geigel-Simounet, Esq.**
St. Croix, U.S.V.I.
**James L. Hymes, III, Esq.**
St. Thomas, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiffs Miles Livingston, Anna Livingston, and Christopher Glavach's "Motion to Further Amend the Third Amended Complaint" ("Motion") (Dkt. No. 507), Defendant Louis Berger's Opposition thereto (Dkt. No. 510), and Plaintiffs' Reply (Dkt. No. 511). For the reasons set forth below, the Court will grant Plaintiffs' Motion.

### I.    BACKGROUND

Plaintiffs Miles Livingston ("Livingston"), Anna Livingston, and Christopher Glavach ("Glavach") (collectively, "Plaintiffs") filed an action in the Superior Court of the Virgin Islands

against Defendants Louis Berger and the Virgin Islands Water and Power Authority ("WAPA"), which was subsequently removed to this Court. (Dkt. No. 1). Plaintiffs alleged that in 2017, Livingston and Glavach were working as an electrician and electrician helper, respectively, when they were electrocuted due to the negligence of Defendants. (Dkt. No. 1-1).

As it relates to the instant motion, and in light of the voluntary dismissal of WAPA from this action, by Order entered on August 17, 2023, the Court directed Plaintiffs to withdraw their Third Amended Complaint and file a new Third Amended Complaint that did not name WAPA as a defendant in the caption and body of the Amended Complaint (Dkt. No. 505). Plaintiffs responded with a "Motion to Further Amend the Third Amended Complaint." (Dkt. No. 507). In addition to complying with the Court's directive (Dkt. No. 507-1 at 1-3, 7), Plaintiffs also seek to further amend the Third Amended Complaint, inter alia, to "reassert[] Plaintiffs' claim as to gross negligence resulting in punitive damages that was alleged in the other Complaints but some how deleted from the Third Amended Complaint and the nature of Plaintiffs' damages." (Dkt. No. 507 at 2). Defendant filed an Opposition to Plaintiffs' Motion, arguing that this particular amendment would be both futile and prejudicial to Defendant and should therefore be disallowed. (Dkt. No. 510 at 2-3).

## II.     DISCUSSION

Pursuant to Fed. R. Civ. P. 15(a), courts should "freely" give leave to amend complaints when justice requires. *In re Burlington Coat Factory*, 114 F.3d 1410, 1434 (3d Cir. 1997). Leave to amend should be denied only when there exists evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Leave to amend must

generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196 (3d Cir. 2006). As such, absent a justifying reason, it is an abuse of discretion to deny leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). No heightened standard applies for assessing amendments that insert or more specifically allege claims for punitive damages, so long as the underlying complaint appropriately pleads facts that can substantiate punitive damages. *See Telepo v. Martin*, 257 F.R.D. 76, 77 (M.D. Pa. 2009) (granting Plaintiff's motion to amend the complaint by adding punitive damages as a form of relief).

Defendant appears to offer two reasons for denying Plaintiffs' motion for leave to amend, neither of which has merit. First, Defendant argues that the proposed amendment would be futile, claiming that "Plaintiffs have failed to articulate a claim for punitive damages . . . ." (Dkt. No. 510 at 2-3).

"Punitive damages must be based upon conduct that is not just negligent but shows, at a minimum, reckless indifference to the person injured—conduct that is outrageous and warrants special deterrence." *Cornelius v. Bank of Nova Scotia*, 67 V.I. 806, 824 (V.I. 2017). While punitive damages are not available for claims of ordinary negligence, they may be available for claims of gross negligence. *See Brathwaite v. Xavier*, 71 V.I. 1089, 1111 (V.I. 2019). To prevail on a claim of gross negligence, a plaintiff must establish that: "1) the defendant owed plaintiff a legal duty of care; (2) the defendant breached that duty in such a way as to demonstrate a wanton, reckless indifference to the risk of injury to plaintiff; (3) and the defendant's breach constituted the proximate cause of (4) damages to plaintiff." *Id.*

Here, Plaintiffs have sufficiently alleged a claim of punitive damages. In the Third Amended Complaint, Plaintiffs have alleged, inter alia, that Defendant sent Plaintiffs Livingston

and Glavach to an electrical power energized jobsite without proper review and inspection of the site, proper warning, or the necessary safety equipment. (Dkt. No. 507-1 at ¶ 45). These allegations are sufficient to state a plausible claim that Defendants acted in a manner demonstrating "a wanton, reckless indifference to the risk of injury to the plaintiff." *Brathwaite*, 71 V.I. at 1111; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Defendant also argues that Plaintiffs' "attempt to add a demand for punitive damages back into the Third/Fourth Amended Complaint," would be "unjust" and would "prejudice" Defendant. (Dkt. No. 510 at 2). However, as Plaintiffs note, there were references to gross negligence and punitive damages in earlier complaints. (Dkt. No. 511 at 2-4). Thus, Defendant has long had notice of Plaintiffs' claim of gross negligence and corresponding prayer for punitive damages. Accordingly, the Court finds that there would be no prejudice to Defendant from the acceptance of Plaintiffs' proposed amendment.

Because Plaintiffs' proposed amendment regarding punitive damages is neither futile nor prejudicial to Defendant, the Court will grant Plaintiffs' Motion and permit Plaintiffs to amend the Third Amended Complaint as proposed.

## III.     CONCLUSION

For the foregoing reasons, the Court will grant Plaintiffs' "Motion to Further Amend the Third Amended Complaint." (Dkt. No. 507).

An appropriate Order accompanies this Memorandum Opinion.


Date: November 14, 2023                             _____/s/_____
                                                    WILMA A. LEWIS
                                                    District Judge