## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **MILES LIVINGSTON, ANNA LIVINGSTON, and CHRISTOPHER GLAVACH,** ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | Civil Action No. 2019-0012 |
| **LOUIS BERGER formerly LOUIS BERGER GROUP, INC.,** ) ) ) | |
| **Defendant.** ) ) | |

**Attorneys:**
**Lee J. Rohn, Esq.**
St. Croix, U.S.V.I.
    *For Plaintiffs*

**Jennifer Miller Brooks, Esq.**
**Chivonne A.S. Thomas, Esq.**
Miami, FL
**Eugenio W.A. Geigel-Simounet, Esq.**
St. Croix, U.S.V.I.
**James L. Hymes, III, Esq.**
St. Thomas, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Louis Berger's ("Defendant") "Preliminary Fact Witness List" (Dkt. No. 521) and Defendant's "Preliminary Exhibit List" (Dkt. No. 524).[1] For the reasons that follow, the Court will order Defendant to re-submit his witness list

---

[1] Plaintiffs Miles Livingston, Anna Livingston, and Christopher Glavach ("Plaintiffs") filed with the Court an "Objection to Defendant's Exhibit List" (Dkt. No. 529) and an "Objection to Defendant's Witness List" (Dkt. No. 530). Together with these objections, Plaintiffs moved to compel Defendant to re-submit an exhibit list and witness list in compliance with Fed. R. Civ. P. 26(a)(3)(A)(i), Fed. R. Civ. P. 26(a)(3)(A)(iii), and the Court's Trial Management Order (Dkt. No. 520). The Clerk's Office rejected Plaintiff's filings for failure to comply with Local Rule of Civil

and his exhibit list to comply with Fed. R. Civ. P. 26(a)(3)(A)(i), Fed. R. Civ. P. 26(a)(3)(A)(iii), and the Court's Trial Management Order entered on February 7, 2024 (Dkt. No. 520).

First, a party's witness list provided pursuant to Rule 26(a)(3)(A)(i) must include "the name and, if not previously provided, the address and telephone number of each witness." Fed. R. Civ. P. 26(a)(3)(A)(i); *see also McGowan v. Murphy-Brown, LLC*, No. 7:14-CV-182-BR, 2019 WL 7598860, at *1 (E.D.N.C. Jan. 18, 2019) (holding that Rule 26(a)(3)(A)(i) "requires a party to disclose the name of the witness it intends to call"); *Hum. Rts. Def. Ctr. v. Union Cnty., Arkansas*, No. 1:17-CV-1064, 2023 WL 1120886, at *1 (W.D. Ark. Jan. 30, 2023) (finding that a witness disclosure list failed to adhere to the requirements of Rule 26(a)(3)(A)(i) where it only listed one witness by name and vaguely referenced the other witnesses the party planned to call). In addition, the Court's Trial Management Order entered on February 7, 2024 requires each party to provide a brief description of the expected testimony of each witness. (Dkt. No. 520 ¶ 2).

Here, Defendant's "Preliminary Fact Witness List" only includes the names and contact information of three witnesses—Plaintiffs Miles Livingston, Anna Livingston, and Christopher Glavach. (Dkt. No. 521 at 1). Instead of providing the required information for the other witnesses he intends to call, the rest of Defendant's list contains no names, and essentially consists of descriptions of broad categories of individuals. (Dkt. No. 521 ¶¶ 1-26). This approach does not satisfy the requirements of Rule 26(a)(3)(A)(i), which specifically requires a party to include, in its disclosure, "the name and, if not previously provided, the address and telephone number of each witness." Fed. R. Civ. P. 26(a)(3)(A)(i). Nor does Defendant's submission comply with the

---

Procedure 7.1(a). Nonetheless, the Court, acting *sua sponte*, will address the deficiencies in Defendant's lists.

requirement in the Trial Management Order that a brief description of the expected testimony of each witness be provided.

Second, a party's exhibit list provided pursuant to Rule 26(a)(3)(A)(iii) must include "an identification of each document or other exhibit." Fed. R. Civ. P. 26(a)(3)(A)(iii). The Rule requires "a separate listing of each such exhibit, though it should permit voluminous items of a similar or standardized character to be described by meaningful categories." Fed. R. Civ. P. 26(a)(3) advisory committee's note; *see also Blanco v. Capform, Inc.*, No. 11-23508-CIV, 2013 WL 12061862, at *1 (S.D. Fla. Jan. 9, 2013) (explaining that Rule 26(a)(3)(A)(iii) "contemplates that each exhibit be identified *clearly* and *individually*" and, as such, finding that an exhibit list that "contains composite exhibits and catch[-]all phrases" does not satisfy the requirements of Rule 26(a)(3)(A)(iii)) (emphasis in original); *Ader v. SimonMed Imaging Inc.*, No. CV-17-02085-PHX-JJT, 2020 WL 13442907, at *1-2 (D. Ariz. Sept. 22, 2020) (finding that an "overbroad document dump without meaningful categorization" failed to satisfy the requirements of Rule 26(a)(3)(A)(iii) when the party failed to make a showing as to why the exhibits should be grouped together).

Here, Defendant's exhibit list fails to separately list each exhibit that it intends to use. (Dkt. No. 524 ¶¶ 1-47). Instead, it offers broad categories of exhibits. *See, e.g., id.* ¶ 40 ("All papers, records, and writings produced in discovery in this case and/or attached to any pleadings, papers, discovery or depositions in this case."). Defendant has not "clearly and individually" identified his exhibits, *Blanco*, 2013 WL 12061862 at *1, and the categories provided by Defendant to group his exhibits are not "meaningful." Fed. R. Civ. P. 26(a)(3) advisory committee's note. Thus, these identifications of exhibits do not satisfy the requirements of Rule 26(a)(3)(A)(iii), as specified in the Court's Trial Management Order. (Dkt. No. 520 ¶ 4).

Because Defendant's witness list and exhibit list plainly do not comply with the Court's Trial Management Order, the Court will require Defendant to re-submit both lists.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant shall have up to and including **March 5, 2024** within which to file his witness disclosure lists and identifications of exhibits in compliance with the Court's Trial Management Order and the requirements of Fed. R. Civ. P. 26(a)(3)(A)(i) and Fed. R. Civ. P. 26(a)(3)(A)(iii); and it is further

**ORDERED** that Plaintiffs shall have up to and including **March 12, 2024** instead of March 4, 2024, within which to file their objections to Defendant's witness disclosure list and Defendant's identifications of exhibits.

**SO ORDERED.**

Date: March 1, 2024                     _____/s/_____
                                        WILMA A. LEWIS
                                        District Judge