DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| MILES LIVINGSTON, ANNA LIVINGSTON, and CHRISTOPHER GLAVACH,<br><br>　　　　　**Plaintiffs,**<br><br>　　　v.<br><br>LOUIS BERGER formerly LOUIS BERGER GROUP, INC.,<br><br>　　　　　**Defendant.** | Civil Action No. 2019-0012 |

**Attorneys:**
**Lee J. Rohn, Esq.**
St. Croix, U.S.V.I.
　　*For Plaintiffs*

**Jennifer Miller Brooks, Esq.**
**Chivonne A.S. Thomas, Esq.**
Miami, FL
**Eugenio W.A. Geigel-Simounet, Esq.**
St. Croix, U.S.V.I.
**James L. Hymes, III, Esq.**
St. Thomas, U.S.V.I.
　　*For Defendant*

**Scot F. McChain, Esq.**
**Yohana M. Manning, Esq.**
St. Croix, U.S.V.I.
　　*For Intervenor Louisiana Workers' Compensation Corporation*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiffs Miles Livingston, Anna Livingston, and Christopher Glavach's Motions for Remote Testimony (Dkt. Nos. 592, 593, 594, 595, 596, 600), wherein Plaintiffs seek leave of the Court to have six expert witnesses testify by

videoconference in the trial of this matter scheduled for May 20, 2024. For the reasons that follow, the Court will deny Plaintiffs' Motions.

Pursuant to Fed. R. Civ. P. 43(a), "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Thus, as the advisory committee's note reiterates, "[c]ontemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. The advisory committee's note further explains that:

> The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.
>
> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other—and perhaps more important—witnesses might not be available at a later time.
>
> *Other possible justifications for remote transmission must be approached cautiously.*

*Id.* (emphasis added).

"Courts interpreting Rule 43(a) have also recognized that in-person proceedings are strongly favored . . . . Video testimony is not a practical equivalent to in-person testimony." *J.D. v. Price*, 619 F. Supp. 3d 523, 527, 529 (W.D. Pa. 2022) (citing *Draper v. Rosario*, 836 F.3d 1072, 1081-82 (9th Cir. 2016); *Perotti v. Quinones*, 790 F.3d 712, 723 (7th Cir. 2015); *United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001)). In *Price*, the Court rejected plaintiffs' motion for remote testimony by certain out-of-state witnesses who claimed to have difficulty traveling to

testify. *Price*, 619 F. Supp. 3d at 529-30. The Court noted that the "good cause" and "compelling circumstances" standard would be harder to satisfy for an expert witness who is offering and getting paid for their services, as opposed to a party or an involuntary fact witness. *Id.* at 530. In any event, the Court found that the Rule 43(a) standard had not been satisfied for any of the witnesses for whom the plaintiffs had proposed remote testimony:

> Plaintiffs cannot reasonably argue that they did not know where these witnesses reside and/or work. They do not assert any late-breaking reasons rendering their presence at trial unusually inconvenient or impossible. They knew that trial was scheduled in this matter for months. Nevertheless, they waited until fifty-nine days before trial to file the instant [motion for remote testimony].

*Id.*

Here, Plaintiffs seek leave for remote testimony for each of their six expert witnesses. For four of the experts, Plaintiffs casually assert that unidentified "conflicts" prevent their travel to the Virgin Islands. (Dkt. No. 593 at 1; Dkt. No. 594 at 1; Dkt. No. 595 at 1; Dkt. No. 596 at 1). For the remaining two experts, Plaintiffs are equally casual in asserting that "prior appointments for testimony" conflict with their ability to travel. (Dkt. No. 592 at 1; Dkt. No. 600 at 1).

It is readily apparent that Plaintiffs have made no attempt to demonstrate that "good cause" and "compelling circumstances" exist that would warrant remote testimony by any of these six expert witnesses. Much like the plaintiffs in *Price*, Plaintiffs (1) have no reasonable argument that they did not know that the expert witnesses reside and work outside of the Virgin Islands, and (2) have failed to offer any late-breaking reasons rendering the expert witnesses' presence at trial "unusually inconvenient or impossible." *Price*, 619 F. Supp. 3d at 530. Further, Plaintiffs have—astonishingly—moved for remote testimony by these witnesses *less than a month* before the trial of this matter is scheduled to begin, despite knowing as of February 7, 2024—when the Court's

3

Trial Management Order was entered—that the trial was scheduled to commence on May 20, 2024.[1]

Plaintiffs "should not be permitted to retain expert witnesses [thousands of] miles from the court and then argue that [they] should be allowed to [present remote testimony] due to the experts' unavailability." *See Bridges v. United States*, No. 3:15-CV-1248-J-25, 2017 WL 3730569, at *1 (M.D. Fla. May 30, 2017) (denying the plaintiff's request, in an analogous context, for the submission of recorded testimony by various expert witnesses on the basis of the experts' unavailability, because the plaintiff failed to explain why the witnesses "did not keep their schedules open during the trial term"); *see also* Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment ("A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances."). This rule applies with even greater force where—as here—plaintiffs do not attempt to establish good cause or compelling circumstances, or even cite to Rule 43 as the basis for their request for remote testimony. *See Taylor v. Allworth*, No. 8:19-CV-1761, 2021 WL 5041030, at *4 (M.D. Fla. Oct. 30, 2021) (denying the plaintiffs' request for remote testimony by an expert witness—whom the plaintiffs asserted was unavailable—because the plaintiffs failed to cite Rule 43 in their motion and did not even attempt to establish good cause or compelling circumstances).

Notwithstanding the clear language of Fed. R. Civ. P. 43(a), Plaintiffs' Motions read as if remote testimony is a matter of course and the motions for leave are only perfunctory. Plaintiffs

---

[1] The Court notes that the trial in this matter was set after Plaintiffs professed to be ready to proceed. (Dkt. No. 518 at 1). In light of the fact that Plaintiffs had approximately three and a half months notice of the trial date, their belated requests for remote testimony—that are wholly devoid of any substantive content—are particularly troubling.

are wrong. Simply stated, Plaintiffs' bare-bones Motions for Remote Testimony are wholly insufficient to satisfy the requirements of Rule 43.[2] Accordingly, Plaintiffs' Motions will be denied.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Plaintiffs' "Motion to Allow Christino P. Reyes, MRC, CRC to Testify by Video Conference" (Dkt. No. 592) is **DENIED**; and it is further

**ORDERED** that Plaintiffs' "Motion to Allow Michael S. Morse, Ph.D. to Testify by Video Conference" (Dkt. No. 593) is **DENIED**; and it is further

**ORDERED** that Plaintiffs' "Motion to Allow Robert S. Bertman, PE, CSP, MSME, MSEM to Testify by Video Conference" (Dkt. No. 594) is **DENIED**; and it is further

**ORDERED** that Plaintiffs' "Motion to Allow Sheldon Levin, Ph.D. to Testify by Video Conference" (Dkt. No. 595) is **DENIED**; and it is further

**ORDERED** that Plaintiffs' "Motion to Allow Dr. Marshall A. White, MD to Testify by Video Conference" (Dkt. No. 596) is **DENIED**; and it is further

**ORDERED** that Plaintiffs' "Motion to Allow Expert Dr. Paul Thomas, Ph.D., MRC, CRC to Testify by Video Conference" (Dkt. No. 600) is **DENIED**.

**SO ORDERED.**

Date: April 25, 2024 _____/s/_____
WILMA A. LEWIS
District Judge

---

[2] The Court also notes that Plaintiffs have failed to certify that they sought concurrence from opposing counsel prior to filing the Motions as required by Rule 7.1(f) of the Local Rules of Civil Procedure.